**John Harley LINDLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Judy LINDLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 1171–90, 1172–90.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 7, 1992.

Harry R. Heard, Longview, for appellant John Lindley.

Clifton L. Holmes, Longview, for appellant Judy Lindley.

David Brabham, Dist. Atty., C. Patrice Savage, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty. and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellants were charged with Engaging in Organized Criminal Activity. V.T.C.A.,

Penal Code, § 71.02. A single indictment alleged that,

> ... on or about the 3rd day of September, A.D. 1986, and continuing until on or about the 12th day of September, A.D. 1986 ... with the intent to establish, maintain and participate in a combination, [they did] knowingly and intentionally conspire to commit the offense of unlawful delivery of a controlled substance listed in penalty group 1, to wit: Cocaine ... and in pursuance of such agreement and in the furtherance thereof, the said defendants performed [certain] overt acts ...

In an earlier trial, both appellants had been convicted for Aggravated Possession of Cocaine under indictments charging that,

> ... on or about 12 September 1986, ... [they] did ... intentionally possess with intent to deliver a controlled substance in penalty group #1 ... namely cocaine, of at least 400 grams ...

The conduct constituting these offenses was not later alleged by the State to be an overt act in furtherance of the Organized Criminal Activity conspiracy.

Appellants filed "Special Plea[s] of Double Jeopardy," claiming that the earlier convictions were for offenses "arising from the same transaction, act, or incident[,]" and that the pending prosecution did "not require proof of any facts other than those which were induced [sic] in evidence during the trial which lead to the [earlier] ... conviction[s]." On this basis, they averred that further prosecution in the instant cause would violate their "statutory and federal and state constitutional rights to be protected against twice being put in jeopardy for the same offense[,]" and requested that the pending Organized Criminal Activity indictment therefore be dismissed.

The trial judge judicially noticed pleadings and evidence from the earlier proceeding, heard arguments of the parties, and engaged them in protracted discussion on the subject of their special pleas. Apparently with the consent of attorneys on both sides, he then treated the matter as a motion to dismiss and overruled it, holding that the prosecution was not jeopardy barred.[1] Both appellants were later convicted and their punishments assessed at confinement in the penitentiary for 99 years and a fine of $10,000 each.

In separate opinions, only one of which was released for publication, the Twelfth Court of Appeals reversed and ordered the acquittal of both appellants. The Court held that successive prosecution in the instant cause was contrary to the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, as authoritatively interpreted by the United States Supreme Court in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), because "the State, in prosecuting the indictment for engaging in organized criminal activity to distribute cocaine between September 3, 1986, and September 12, 1986, relied on proof of Lindley's possession of cocaine with intent to distribute on or about September 12, 1986."[2] *Lindley v. State* (Tex.App.—Tyler, Cause No. 12–88–00063–CR, delivered August 31, 1990) 1990 WL 127323; *Lindley v. State*, (Tex.App.—Tyler, Cause No. 12–88–00048–CR, delivered August 31, 1990).

We granted the State's petition for discretionary review in both cases to consider the impact of *Corbin* upon successive prosecution of nonincluded offenses arising in one criminal episode or transaction when proof of the same conduct is offered to establish elements of both offenses. However, the Supreme Court has since elaborated the meaning of *Corbin* and of the Double Jeopardy Clause in context of successive prosecutions for criminal conspiracy and the overt acts relied upon to prove it. Because the Court of Appeals did not have

---

1. Special pleas of former conviction for "the same or a different offense arising out the same criminal episode" under article 27.05 of the Code of Criminal Procedure must "be tried by the trier of the facts on the trial on the merits." Art. 27.07, V.A.C.C.P.

2. Assuming that the Court of Appeals was correct to hold successive prosecutions jeopardy barred in these cases, the appropriate remedy would have been to reverse and order the prosecution dismissed.

the benefit of this holding in deciding the instant cause, we vacate its judgment and remand for reconsideration in light of *United States v. Felix*, 503 U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992).

OVERSTREET, J., dissents.