**Charles Ervin WALDIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–249 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Dec. 14, 1995.

Decided May 15, 1996.

**154**

Theodore R. Johns, Sr., Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from the conviction of employing a child under 14 years of age. Appellant, charged by information, "did then and there unlawfully intentionally and knowingly and recklessly employ a child under 14 years of age, namely: [J.M.] in violation of Section 51 of the Texas Child Labor Law." Trial was before a jury, and the jury found appellant guilty of the charged offense. Appellant elected to have the court assess punishment and appellant was sentenced to 90 days in jail probated for one year and a $500.00 fine. Appellant's motion for new trial was denied, and appellant then perfected his appeal.

Appellant brings forth seven points of error. We overrule such points and affirm the judgment of the trial court.

### Facts

J.M. was one of a group of teenagers who sold candy from door to door in Beaumont and Lumberton, Texas, after 4:30 p.m., under the supervision of appellant. J.M. was paid a commission which averaged $10 or $12 an evening, he was paid by the evening, and only worked approximately one month, from the first of January 1994 until the end of that month. This young man was 13 years of age. He was supervised by appellant, and had his mother's consent to work.

Appellant's argument presented under point one is so intertwined with the argument presented under point five that we will address points one and five together. The nucleus of appellant's arguments is concerned with the definitions and usage of the terms "exemption" and "exception."

Point of Error No. One: The trial court erred in denying appellant's motion to quash the information because the information failed to negate the exceptions to the statute under which appellant was charged.

■ The standard of review concerning a trial court's ruling on a motion to quash an indictment is abuse of discretion. *See Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim. App.1981) (opinion on rehearing). On the date of trial, appellant presented an oral motion to quash to the court.

A motion to quash an information must be in writing. TEX.CODE CRIM.PROC.ANN. art. 27.10 (Vernon 1989). *See Nichols v. State*, 653 S.W.2d 768, 769 (Tex.Crim.App.1981). TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1996) provides:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

 In *Williams v. State*, 848 S.W.2d 777, 779 (Tex.App.—Houston [14th Dist.] 1993, no pet.), the court held:

[A]ppellant maintains that the indictment was fatally defective because it failed to allege appellant violated a duty imposed upon him as a public servant. He contends that this deletion was fatal in that it was an element of the offense. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific ground if the specific ground is not apparent from the context. TEX. R.APP.P. 52(a) (Vernon Supp.1992).

Therefore, if a defendant fails to object to a charging instrument prior to trial, he has waived review of the issue on appeal. *Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App. 1990). Appellant presented an oral motion to quash on the date of trial. However, appellant did not present a written motion to quash the information prior to the day of trial; therefore, he preserves nothing for review. Even if we were to assume that appellant preserved error, the information in this case was not defective.

The State submits that there are exemptions and there are no exceptions to the statute which the State must plead and disprove. Further, that the defendant has the burden to prove he is entitled to an exemption. TEX.LAB.CODE ANN. §§ 51.003, 51.012, 51.013 (Vernon Pamph.1996).

The Child Labor Act provides *"(e)xcept as provided by this chapter*, a person commits an offense if the person employs a child under 14 years of age." (emphasis added) TEX.LAB.CODE ANN. § 51.011 (Vernon Pamph. 1996).

There are six exemptions set forth in section 51.003(a); subsection (a)(6) provides the Act does not apply to employment of a child engaged in nonhazardous casual employment that does not endanger the child's welfare if the child's parent gives consent.

Appellant alleges that the information charging appellant with violation of the Act did not negate this exemption. Appellant moved to quash the information because of its failure to negate the exemption but the trial court denied the motion.

 In determining an indictment's or information's construction, we must read it as a whole. We must not read it technically, but practically. *Whetstone v. State*, 786 S.W.2d 361, 364 (Tex.Crim.App.1990). The test is whether the State's pleading alleges an offense under the law. *Id.* While the exact statutory words do not have to be used, the meaning of the offense must be the same. TEX.CODE CRIM.PROC.ANN. art. 21.17 (Vernon 1989); *Ex parte Burkett*, 577 S.W.2d 265 (Tex.Crim.App.1979). A charging instrument is generally considered sufficient if all the elements of the offense are amply set out as is necessary to prove them. *Beck v. State*, 682 S.W.2d 550, 556 n. 5 (Tex.Crim.App. 1985).

The State urges that an exception and an exemption are two different things and agrees the State must plead and disprove an exception, but it is incumbent upon the appellant to prove that he is entitled to an exemption. We agree and hold that section 51.003(a)(6) is a defense to the Act and appellant is obliged to plead and prove his conduct falls within. *Upchurch v. State*, 660 S.W.2d 891 (Tex.App.—Fort Worth 1983), *aff'd*, 703 S.W.2d 638 (Tex.Crim.App.1985). Point of error one is overruled.

Point of Error No. Five: The trial court erred in denying appellant's motion for a new trial on the grounds that the verdict is contrary to the evidence presented at trial.

 Normally, the appellate standard of review pertaining to a motion for new trial is within the trial court's sound discretion. Absent an abuse of discretion, the appellate court will not disturb the trial court's decision. This abuse of discretion standard applies where the trial court grants or denies the motion for new trial. However, an ex-

ception to the abuse of discretion standard occurs when a new trial is sought on the grounds of insufficient evidence. Because sufficiency of the evidence involves a legal question, the trial court must apply the same test as an appellate court after considering the evidence in the light most favorable to the verdict whether any rational trier of fact would have found the State established the essential elements of the offense beyond a reasonable doubt.

Thus, our standard of review is that announced in *Jackson v. Virginia:* that the evidence must be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ Throughout this trial the appellant insisted that the exemption set forth in section 51.003(a)(6) was an exception which the State must disprove. This assertion was misplaced. As heretofore noted in this opinion, we find that the statute thus stated is an "exemption" and not an "exception", upon which the appellant has the burden of proof. This created a conflict throughout the entire trial because the appellant insists that the exemption is an exception and the State insists that the exemption is *not* an exception.

The question here becomes whether or not the situation presented by the State qualified the appellant to come under exemption of the Labor Code statute. The trial court concluded that the appellant raised evidence of an exemption and submitted the following defensive instruction in the charge:

> It is an exemption to the law if the child was engaged in nonhazardous casual employment that will not endanger the safety, health, or well-being of the child and to which the parent or adult having custody of the child has consented.

> Now, if you find from the evidence that on the occasion in question the child was engaged in nonhazardous casual employment that did not endanger the safety, health, or well-being of the child and to which the parent or adult having custody of the child did consent or if you have a

reasonable doubt as to the foregoing, then you will find the defendant not guilty.

It was undisputed that the offense alleged occurred—appellant employed a child younger than 14 years of age. The appellant took the stand and admitted such employment. Further, there was evidence to support the jury finding of hazardous employment. The evidence showed that the child went to work at 4:30 p.m. in the afternoon, working into the night, and on one occasion in inclement weather in non-neighbor territories in cities throughout Jefferson County and Hardin County with practically no supervision. We take note that TEX.LAB.CODE ANN. § 51.014(a) now defines as a hazardous occupation the very activity in which the child was involved; that is, a child under 14 years of age selling items for persons other than a parent or exempt organization as defined in the Act. Finding that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, appellant's point of error five is overruled.

Point of Error No. Two: The trial court erred in denying appellant's motion to bar the prosecution on the grounds of double jeopardy because the Texas Employment Commission had previously fined appellant $5000 in a prior administrative proceeding and the subsequent criminal prosecution represented multiple punishments for the same offense.

Before appellant was tried for violation of the Child Labor Act, appellant had been fined $5000 by the Texas Employment Commission in an administrative proceeding for the same conduct which was the subject of the criminal prosecution. Appellant moved the trial court to bar the criminal proceedings on the ground of Double Jeopardy. The court did not rule on the oral pretrial motion. The post-verdict written motion was denied. Appellant urges that the trial court erred in denying the motion because the fine levied by the Texas Employment Commission was a "punishment" and the subsequent criminal prosecution constituted a second punishment for the same conduct, which is prohibited by the Double Jeopardy Clause. U.S. CONST. amend. V.

Appellant orally presented his double jeopardy plea on the date of trial and requested the court for leave to file a written motion. Appellant offered no proof of his allegations. The Court stated no written motion was necessary, but requested advice on the law. The appellant filed a written, verified motion of double jeopardy the day before the hearing on the amended motion for new trial.

 Double jeopardy may be raised either by a pretrial special plea pursuant to TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1989) or by a pretrial writ of habeas corpus. The special plea protects only against reconviction, not retrial. A defendant who seeks protection from retrial must file a writ of habeas corpus. If the court grants the writ and thereafter denies the relief requested, the defendant may take an immediate appeal.

*Ex parte Murphy*, 669 S.W.2d 320, 322 (Tex.Crim.App.1983), *cert. denied*, 469 U.S. 823, 105 S.Ct. 99, 83 L.Ed.2d 44 (1984):

Assuming arguendo that the jeopardy provision of the Federal and State Constitutions apply to the instant case, the record reflects that applicant *orally* moved for dismissal of the proceeding on double jeopardy grounds. However, the record is devoid of a verified written motion filed before the hearing. See Article 27.05 and 27.06, V.A.C.C.P. The question of double jeopardy is not properly before this Court. [footnote omitted] *Galloway v. State*, 420 S.W.2d 721 (Tex.Cr.App.1967); *Nash v. State*, 467 S.W.2d 414 (Tex.Cr.App.1971).

 No written, verified motion of double jeopardy was filed before trial. It cannot be raised for the first time in a motion for new trial. Point of error two is overruled.

Point of Error No. Three: The trial court erred in overruling appellant's objection to the failure of the charge to define "nonhazardous casual employment" because the terms have a technical meaning and have no ordinary and accepted definition.

When the trial court submitted its proposed charge to the attorneys for review, it asked for any objections. The State had no objections; defense counsel at that time stated his objection to the failure of the court to submit an instruction as to the definition of "nonhazardous" and "casual" and requested a submission of the definition of "hazardous" and "casual."

 At the time of trial, the term "non-hazardous casual employment" was not defined by statute, although TEX.LAB.CODE ANN. § 51.014 was subsequently amended to define as "hazardous" precisely the conduct admitted to in this case. The trial court was not required to define words which are not statutorily defined; such words are given their plain meaning. *Mattox v. State*, 874 S.W.2d 929 (Tex.App.—Houston [1st Dist.] 1994, no pet.); *Graf v. State*, 807 S.W.2d 762, 767 (Tex.App.—Waco 1990, pet. ref'd). These are common words to which the jury could give their common meaning. We find no error and overrule appellant's point of error three.

Point of Error No. Four: The trial court erred in overruling appellant's objection to the state's witness' testimony that the employment was not casual because the testimony was not based on personal knowledge, was conclusory, and was not competent as opinion evidence.

 The trial court has wide discretion in determining the admissibility of evidence. The trial court maintains discretion when determining whether a witness qualifies as an expert. The State's witness, Allen Wiley, testified that he had worked for the Texas Employment Commission for almost twenty years. The trial court determined the witness to be an expert by virtue of his knowledge, skill, experience, training, and education. TEX.R.CRIM.EVID. 702. Finding no abuse of discretion, appellant's point of error number four is overruled.

Point of Error No. Six: The trial court erred in denying appellant's motion for new trial on the grounds that after retiring the jury received additional evidence detrimental to appellant.

At the hearing on the Motion for New Trial, appellant had subpoenaed one of the jurors who allegedly had injected comments into the jury deliberations which were detrimental to appellant. We have reviewed the testimony and find that said juror, under

oath, on the witness stand, repeatedly denied having made any such detrimental statements. Appellant also called several other jurors to the stand, one of whom did not remember any comments being made, and another juror who thought he remembered a comment or two, but did not attribute such comments to any one individual.

The testimony given by the foreman of the jury at the hearing on the Motion for New Trial stated whatever statements may have been made did not effect the verdict. The decision on the merits of a motion for new trial is within the trial court's sound discretion. Absent an abuse of discretion, the appellate court will not disturb the trial court's decision. Finding no abuse of discretion, appellant's point of error number six is overruled.

Point of Error No. Seven: The trial court erred in assessing punishment that included 90 days in jail because that exceeds the punishment authorized for a Class C misdemeanor.

In 1993, Texas Revised Civil Statute art. 5181.1 was repealed and pertinent portions were codified as chapter 51 to the Texas Labor Code. Acts 1993, 73rd Leg., R.S., Ch. 269, 1993 Tex.Gen.Laws 1273. As so amended and added, Section 12, the penalty portion, read: "[a]n offense under this Act is a Class B Misdemeanor." Acts 1993, 73rd Leg.R.S., Ch. 331, 1993 Tex.Gen.Laws 1426. Under TEX.PENAL CODE ANN. § 12.23 (Vernon 1994), a Class B Misdemeanor does include jail time. Therefore, the penalty assessed by the court was proper and appellant's point of error number seven is overruled.

The judgment of the trial court is AFFIRMED.