**Tobias D–Hun KELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–04–146 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted May 11, 2005.

Decided June 29, 2005.

Norman A. Desmarais, Jr., Law Office of Norman A. Desmarais, Jr., Port Arthur, for appellant.

Tom Maness, Criminal Dist. Atty., Asst. Criminal Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Appellant, Tobias D–Hun Kelson, prosecutes this direct appeal from his conviction for Aggravated Assault. Appellant's guilt was determined by a jury with his punishment set by the trial court at confinement for life in the Texas Department of Crimi-

nal Justice—Correctional Institutions Division.[1] Appellant raises two issues for our consideration:

1. Whether the trial court abused its discretion in its denial of Appellant's Special Plea of Double Jeopardy and Pre–Trial Application for Habeas Corpus Seeking Relief From Double Jeopardy.

2. Whether the trial court erred by denying Appellant's Motion For Mistrial.

The record reflects that the trial from which this appeal proceeds was the State's second attempt to obtain a conviction on the aggravated assault charge. Appellant moved for and was granted a mistrial in the first trial. Prior to commencement of the second trial, appellant filed a "Special Plea of Double Jeopardy," and a "Pre–Trial Application for Writ of Habeas Corpus Seeking Relief From Double Jeopardy." Both instruments were filed under the same trial cause number, "87401." The trial court later conducted a brief hearing on appellant's special plea and writ application at which time appellant tendered a transcribed copy of the recorded testimony taken at the first trial. No further evidence was tendered either by appellant or the State. By agreement of the parties and the trial court, the cause was reset to allow the State to respond to certain case-authority provided to the court by appellant.

The record before us contains a written reply by the State along with an affidavit from the prosecuting attorney whose questioning triggered the events that ultimately led to the mistrial being declared.[2] On

November 25, 2003, the trial court issued a written order. This order carefully analyzed the extant authority on whether retrial of a criminal defendant is proper in the face of a mistrial granted upon request of a defendant based on prosecutorial misconduct. The trial court concluded the written order by denying relief on both the special plea and the separate habeas corpus request. Thereafter, a jury trial was conducted resulting in appellant's conviction for aggravated assault and life sentence in the penitentiary. His first issue complains of trial court error in the denial of his special plea and his writ relief, but combines argument and authority in presenting the issue to us. Relying on a line of cases from the United States Supreme Court and the Court of Criminal Appeals, appellant contends his second trial was barred by the doctrine of double jeopardy because: 1) the prosecutor's misconduct was manifestly improper; 2) it was committed with the requisite mental state; and, 3) therefore violated the standards discussed in *Ex parte Peterson*, 117 S.W.3d 804, 817–19 (Tex.Crim.App.2003). Prior to addressing the merits of issue one, we must first resolve the threshold inquiries of jurisdiction and cognizability. *See Castaneda v. State*, 138 S.W.3d 304, 307 (Tex.Crim.App.2003) (appellate courts have authority to consider and address issues which are not directly raised by the parties but must be considered and decided in the course of reviewing the issues presented).

■ The prohibition against double jeopardy is found in the Fifth Amendment to the United States Constitution. A simi-

---

**1.** Appellant's punishment exposure was raised to a first degree felony as he pleaded true to a prior felony conviction alleged in his indictment for enhancement purposes. *See* TEX. PEN.CODE ANN. §§ 22.02(a)(2), (b) & 12.42(b) (Vernon Supp.2005).

**2.** As there is the notation "No File Mark" on the State's written reply, it is unclear if it was ever before the trial court for consideration. As our decision in this appeal is not dependent on this reply, the legal significance of the missing file mark is of no consequence.

lar provision is set forth in art. I, § 14 of the Texas Constitution. The Fifth Amendment prohibition against double jeopardy is fully applicable to the States through the Fourteenth Amendment to the United States Constitution. *See Benton v. Maryland,* 395 U.S. 784, 787, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). While the State and Federal double jeopardy provisions have similar language, their application has taken divergent paths since the Court of Criminal Appeals' opinion in *Bauder v. State,* 921 S.W.2d 696 (Tex.Crim. App.1996) ("*Bauder* I"). *See Peterson,* 117 S.W.3d at 813–16.

 The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This has been interpreted so as to prevent: 1) a second prosecution for the same offense after acquittal or after conviction (successive prosecutions); and 2) multiple punishments for the same offense. *See Monge v. California,* 524 U.S. 721, 727–28, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998); *United States v. Dixon,* 509 U.S. 688, 695–96, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Bailey v. State,* 87 S.W.3d 122, 126 (Tex.Crim.App.2002). Although originating from the same source, the nature of these two areas of protection are not necessarily coextensive. The contrast was noted in *Gonzalez v. State,* 8 S.W.3d 640, 643 n. 9 (Tex.Crim.App.2000):

> We have decided that a pretrial writ of habeas corpus is usually the procedural vehicle by which a defendant should raise a "successive prosecutions for the same offense" double jeopardy claim. See *Ex parte Robinson,* 641 S.W.2d 552, 553–56 (Tex.Cr.App.1982) (defendant may in pretrial writ of habeas corpus proceeding raise and appeal a successive prosecutions claim before the trial of the indictment which he attacks);

see also *Ex parte Apolinar v. State,* 820 S.W.2d 792, 793–94 (Tex.Cr.App.1991). This is because requiring a defendant to go through trial before appealing a successive prosecutions claim is inconsistent with one double jeopardy guarantee against being consecutively tried for the same offense. See *Robinson,* 641 S.W.2d at 554. These considerations do not apply to a multiple punishments claim because it "can be fully vindicated on an appeal following final judgment." See *id.*

The *Apolinar* decision goes directly to the heart of our threshold inquiries. *Apolinar,* 820 S.W.2d at 792. The defendant in *Apolinar* filed a special plea in the trial court alleging his first trial, which resulted in a mistrial, was improperly terminated and, therefore, a second trial was prohibited as a successive prosecutions double jeopardy violation. *See id.* at 793. Apolinar's "special plea" was filed pursuant to TEX.CODE CRIM. PROC. ANN. art. 27.05(3) (Vernon 1989), which provides, in pertinent part:

> A defendant's only special plea is that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or should have been consolidated into one trial, and that the former prosecution: ... (3) was improperly terminated[.]

Thereafter, the trial judge, in a pretrial determination, denied Apolinar's special plea. *Apolinar,* 820 S.W.2d at 793. Apolinar appealed this interlocutory ruling directly to the San Antonio Court of Appeals. *Id.* The San Antonio Court interpreted the "special plea" as a pretrial writ of habeas corpus, found jurisdiction, and addressed the merits of the appeal. Id. In holding the court of appeals did not have jurisdiction to entertain Apolinar's appeal, the Court of Criminal Appeals discussed the nature and scope of a

defendant's "special plea" under article 27.05:

A defendant may file a special plea in order to assert a former jeopardy claim. Article 27.05, V.A.C.C.P. However, all issues of fact presented in the special plea are to be tried by the trier of fact on the trial on the merits. Article 27.07, V.A.C.C.P. The appellant in this case appealed from the trial court's ruling on the special plea prior to trial on the merits.

*Id.* Indeed, as the Court further noted, special pleas of former jeopardy are only applicable when the former jeopardy claim involves successive *punishments* claims, not successive *prosecutions* claims. *Id.* at 794. In support of this observation, the Court quoted the following from the Fifth Circuit case, *Robinson v. Wade*, 686 F.2d 298, 302 n. 3 (5th Cir.1982):

Texas law provides that a claim of former jeopardy may be raised at the inception of the prosecution under attack, but that the facts concerning the special Plea are determined in the course of the trial on the merits, *See* Vernon's Ann. C.C.P. art. 27.05 & 27.07 (1966 & Supp. 1981). The Plea is a mechanism for avoidance of reconviction, *not retrial.* In its limited function, it falls short of the protections extended to criminal defendants by the double jeopardy clause of the fifth amendment, *Baker v. Metcalfe*, 633 F.2d 1198, 1200 n. 3 (5th Cir.), *cert. denied*, 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981), citing *Abney v. United States*, 431 U.S. 651, 661, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977), as applicable to the states through the fourteenth amendment, *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

*Apolinar*, 820 S.W.2d at 794 (emphasis added).

The Court then discussed the proper procedural method for defendants to utilize when seeking relief by way of a claim of double jeopardy based upon successive *prosecutions:*

The pretrial writ of habeas corpus, however, provides relief. Article 11.01, et seq., V.A.C.C.P. In *Ex Parte Robinson*, 641 S.W.2d 552 (Tex.Cr.App.1982), relying on *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), this Court wrote, "We are compelled to hold that there is a Fifth Amendment right not to be exposed to double jeopardy, and that it must be reviewable before that exposure occurs." *Id.* at 555; U.S. CONST. amends. V and XIV; Art. 1, sec. 10, TEX. CONST. This Court then explained that a pretrial writ under Chapter 11, V.A.C.C.P. was the mechanism to be utilized in seeking relief from exposure to double jeopardy.

Because the special plea procedure does not protect against *retrial,* use of the pretrial writ of habeas corpus is the only way to protect a defendant's fifth amendment right against *twice being put to trial.*

*Id.* (emphasis added). *Accord Lindley v. State*, 838 S.W.2d 257, 258 n. 1 (Tex.Crim. App.1992).

In the instant case, it is clear that appellant was seeking relief from "twice being put to trial," and not from "multiple punishments." In *Waldie v. State*, 923 S.W.2d 152, 156 (Tex.App.-Beaumont 1996, no pet.), the trial court denied a pretrial "motion of double jeopardy" based upon a claim of multiple punishments. In analyzing the appellant's claim of trial error we stated:

Double jeopardy may be raised either by a pretrial special plea pursuant to TEX. CODE CRIM. PROC. ANN. art. 27.05 (Vernon 1989) or by a pretrial writ of habeas corpus. The special plea protects only

against reconviction, not retrial. A defendant who seeks protection from retrial must file a writ of habeas corpus. If the court grants the writ and thereafter denies the relief requested, the defendant may take an immediate appeal.

*Id.* at 157. *Accord State v. Lara*, 924 S.W.2d 198, 201–02 (Tex.App.-Corpus Christi 1996, no pet.).

 As previously indicated, threshold inquiries of jurisdiction and cognizability must be disposed of before moving on to any substantive issues raised by the parties. This is so because subject matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex.Crim.App.1996), *overruled on other grounds, State v. Medrano*, 67 S.W.3d 892, 903 (Tex.Crim.App.2002). In the instant case, appellant is prosecuting this appeal from the final judgment of conviction for aggravated assault. Our appellate jurisdiction to consider the denial of his special plea by the trial court prior to commencement of trial was invoked by appellant's timely notice of appeal. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). However, as noted above, because a defendant's special plea is cognizable only as to former jeopardy claims of successive punishments, appellant's special plea complaining of successive prosecutions failed to present a legally cognizable issue for the trial court to submit to the jury. *See Apolinar*, 820 S.W.2d at 793; *Collins v. State*, 640 S.W.2d 288, 288–89, 291 (Tex.Crim.App.1982); *Arredondo v. State*, 582 S.W.2d 457, 459 (Tex.Crim.App. 1979); *Lara*, 924 S.W.2d at 201–02. Although its basis for denying appellant's special plea differs from our analysis and conclusion, the trial court did not err in its ruling.

 With regard to the trial court's denial of appellant's habeas corpus relief we note that following the trial court's pretrial ruling on the writ, appellant had an immediate right to appeal. *See Ex parte McCullough*, 966 S.W.2d 529, 531–32 (Tex. Crim.App.1998); *Bowen v. State*, 131 S.W.3d 505, 507–08 (Tex.App.-Eastland 2004, pet. ref'd); *Green v. State*, 999 S.W.2d 474, 476 (Tex.App.-Fort Worth 1999, pet. ref'd); *Waldie v. State*, 923 S.W.2d at 157. Appellant, however, did not attempt an immediate appeal but instead proceeded with a jury trial which resulted in his conviction. Only now, after he has permitted himself to be subjected to a full and complete second trial, does he prosecute an appeal the basis of which is that the double jeopardy clause provided him with an absolute bar to a second trial.

 It is not apparent from the record that the full import of a habeas corpus action was appreciated by the parties. Habeas corpus proceedings are separate and distinct proceedings independent of the cause instituted by the presentation of an indictment or other forms of the State's pleadings. *See Green*, 999 S.W.2d at 477. Such habeas corpus proceedings should be docketed separately from the substantive cause and given a different cause number. *Id.* An appeal from an order denying relief is not an interlocutory appeal from the substantive cause arising out of an indictment, felony information, or complaint and information. *Id.* Furthermore, the purpose of a pretrial habeas corpus application is not to facilitate some defensive position at the trial, but to stop the trial and secure immediate release from confinement. *Id. See also Apolinar*, 820 S.W.2d at 794 ("Because the special plea procedure does not protect against retrial, use of the pretrial writ of habeas corpus is the *only way* to protect a defendant's fifth

amendment right against twice being put to trial.")(emphasis added).

As noted above, the trial court's order denying appellant's habeas corpus relief was rendered on November 25, 2003. Under the current rules of appellate procedure, appeal must be perfected within 30 days of the date an appealable order is entered. *See* Tex.R.App. P. 26.2(a)(1). No motion for new trial was timely filed with regard to the trial court's November 25, 2003, order. Therefore, appellant's notice of appeal from the order denying him habeas corpus relief was due on or before December 29, 2003.[3] Notice of appeal was filed in the instant cause on March 5, 2004. Appellant's notice of appeal with regard to the order denying habeas corpus relief is untimely and does not invoke this Court's appellate jurisdiction. *See White v. State,* 61 S.W.3d 424, 427–28 (Tex.Crim.App. 2001). We therefore dismiss that part of issue one complaining of the trial court's order denying habeas corpus relief for lack of appellate jurisdiction. Furthermore, we find no error by the trial court in denying that part of issue one complaining of the denial of the special plea to the jurisdiction as special pleas are cognizable only as to former jeopardy claims of successive punishments, not successive prosecutions as was the circumstance facing appellant. Issue one is overruled.

The basis for issue two stems from "bewildering" circumstances which took place during appellant's second trial. Following the lunch-time recess, it was discovered that a non-attorney, student-intern with the District Attorney's Office, was seated among the jury panel in the jury deliberations room waiting for the trial to re-commence. The trial court permitted both parties to question the student-intern under oath. The student-intern testified that she came back from lunch, entered the jury room, said "hello," and sat down. She recalled that the extent of any "conversation" with any of the jurors consisted of saying "hello, and then a few people had conversations about the weather and just general things, but nothing concerning this case." As she had been introduced to the jury by one of the prosecuting attorneys prior to the start of testimony, the panel presumably knew of the student-intern's connection with the District Attorney's Office. On cross-examination, her sworn testimony was that she was unaware she was not supposed to be in the room with the jurors, although she did recall being present during voir dire when the State's attorney explained to the venire that the parties could not converse nor have any contact with the jury during the trial. No other witnesses were called to testify nor requested by either party. Appellant's motion for mistrial was tentatively denied subject to further authority presented to the trial court at a later time.

▆▆▆ "No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." Tex.Code Crim. Proc. Ann. art. 36.22 (Vernon 1981). "When a juror converses with an unauthorized person about the case, 'injury to the accused is presumed' and a new trial may be warranted."

---

3. If the act to be done is filing a document, and if the clerk's office where the document is to be filed is closed or inaccessible during regular business hours on the last day for filing the document, the period for filing the document extends to the end of the next day when the clerk's office is open and accessible.

*See* Tex.R.App. P. 4.1(b). We take note of the fact that all offices in the Jefferson County Courthouse were closed on Thursday, December 25, 2003, and on Friday, December 26, 2003, and did not reopen until Monday, December 29, 2003.

*See Quinn v. State,* 958 S.W.2d 395, 401 (Tex.Crim.App.1997). "However, appellant has the burden of proving the allegation of juror misconduct." *See Hughes v. State,* 24 S.W.3d 833, 842 (Tex.Crim.App. 2000); *Patrick v. State,* 906 S.W.2d 481, 498 (Tex.Crim.App.1995). "Determinations of historical fact and assessment of witness credibility and believability are left almost entirely to the discretion of the trial judge, and where there is conflicting evidence there is no abuse of discretion if the motion for mistrial is overruled." *See Hughes,* 24 S.W.3d at 842. In the instant case, the testimony of the student-intern was not contradicted. Her testimony indicated that there was no discussion of the case in her presence during the time she sat amongst the jury panel. Furthermore, there was no indication that anything prejudicial to appellant was said by anyone during the incident in question. Accordingly, the presumption of harm that arose from the unauthorized conversation between the student-intern and the members of the jury panel was rebutted by a showing that nothing regarding the case was discussed. *See Alba v. State,* 905 S.W.2d 581, 587 (Tex.Crim.App.1995).

During the charge conference, the trial court definitively denied appellant's motion for mistrial with the comment that nothing in the record indicated there was any improper conversation or improper influence on the jury as a result of the student-intern's unauthorized contact with the panel. Without objection from appellant, a curative instruction was included in the written charge provided to the jury during their deliberations. Said instruction reads as follows:

**PRESENCE OF INTERN:**

During the trial, the prosecutors [sic] intern [student-intern's name] entered the jury room. You are instructed that you must completely disregard the intern's presence in the jury room or any remarks made by the intern while there in reaching a verdict in this case.

"A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *See Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App.1999); *Adams v. State,* 156 S.W.3d 152, 157 (Tex.App.-Beaumont 2005, no pet.). "We review the denial of a motion for mistrial under an abuse of discretion standard." *Adams,* 156 S.W.3d at 157 (citing *Wead v. State,* 129 S.W.3d 126, 129 (Tex.Crim.App.2004)). "To determine whether a given error necessitates a mistrial, the reviewing court examines the particular facts of the case." *Id.* "In most instances, the trial court's instruction to disregard cures any harm." *Id.* Appellant did not object at trial that the curative instruction was insufficient. When a trial court instructs a jury to disregard something which has occurred in its presence, an appellate court must presume the jury followed the trial court's instructions. *See Waldo v. State,* 746 S.W.2d 750, 752–53 (Tex.Crim.App.1988). Only for "highly prejudicial and incurable errors" is a mistrial appropriate. *See Simpson v. State,* 119 S.W.3d 262, 272 (Tex.Crim.App.2003), *cert. denied, Simpson v. Texas,* —— U.S. ——, 124 S.Ct. 2837, 159 L.Ed.2d 270, 72 U.S.L.W. 3749 (2004).

There was no abuse of discretion by the trial court in denying appellant's motion for mistrial. Issue two is overruled. The judgment of the trial court is affirmed.

AFFIRMED.