**Opinion filed September 15, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00256-CR

_____

## TERRY ANTHONY VALENTI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR40880**

### M E M O R A N D U M   O P I N I O N

Terry Anthony Valenti was previously indicted in trial court cause no. CR39782 for the offense of forgery by passing. *See* TEX. PENAL CODE ANN. § 32.21(a)(1)(B), (b) (West 2011). The indictment in cause no. CR39782 alleged that he passed a writing to Jeff Rogers. The case was brought to trial, and a jury was impaneled. However, the State discovered that the writing was not passed directly from Appellant to Rogers, and the State obtained a dismissal of cause no. CR39782 prior to opening statements.

Appellant was subsequently indicted in the underlying proceeding, trial court cause no. CR40880, for forgery by passing. The indictment alleged that he passed a writing to Eric Perez. There is no dispute that the writing in both cases was the same "Power of Attorney for Transfer of Ownership to a Motor Vehicle." Appellant filed a special plea of double jeopardy in reliance upon the dismissal of cause no. CR39782. After a pretrial hearing, the trial court overruled his special plea. The case went to trial, and the jury convicted Appellant of forgery, as alleged in the indictment. The jury assessed his punishment at confinement for two years in the Institutional Division of the Texas Department of Criminal Justice. In three issues on appeal, Appellant asserts that (1) the evidence was legally insufficient to support his conviction, (2) the trial court erred in overruling his special plea of double jeopardy, and (3) the trial court erred in overruling his motion for new trial. We reverse and render.

*Background Facts*

Appellant and his former girlfriend, Debra L. Farley, purchased a 2005 Harley Davidson Screaming Eagle motorcycle during their relationship while both lived in Florida. Both of their names were on the certificate of title that was issued in Florida. Prior to their breakup in May 2011, Appellant went to work in Texas and took the motorcycle with him.

In January 2011, Appellant met with Jeff Rogers, the sales and finance manager at Legacy Harley Davidson (Legacy), to discuss a possible trade-in of the motorcycle toward the purchase of another motorcycle. Appellant later brought in the 2005 Screaming Eagle motorcycle for Rogers to inspect. Rogers noticed that both Appellant and Farley were listed on the loan paperwork for the Screaming Eagle motorcycle, and he informed Appellant that Farley had to be notified of the trade-in and that she had to sign a power of attorney to transfer the title. Rogers testified that

2

he gave Appellant a power-of-attorney form without any signatures on it and told Appellant that Farley needed to sign it.

After Appellant made repairs on the motorcycle, Rogers assigned Eric Perez, a salesman at Legacy, to facilitate the trade-in with Appellant. Appellant brought the power of attorney back with what appeared to be the necessary signatures and handed it to Perez, who then gave it to Rogers. Rogers testified that he placed the power of attorney and the certificate of title into a folder awaiting credit approval for Appellant. Upon receiving the certificate of title, Rogers executed it on behalf of Appellant and Farley pursuant to the executed power of attorney that Appellant delivered to the dealership.

Farley testified that she did not sign the power of attorney or authorize anyone to sign her name on it. She did not hear anything about the motorcycle until a few weeks after the trade-in occurred. Farley denied consenting to the trade-in of the motorcycle.

*Analysis*

In his second issue, Appellant contends that his subsequent conviction in the underlying cause after the dismissal of cause no. CR39782 constituted a double jeopardy violation.[1] For the reasons set forth herein, we agree. Under the United States Constitution, the Double Jeopardy Clause provides, in part, that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "The Double Jeopardy Clause protects criminal defendants from three things: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple

---

[1]In his first issue, Appellant challenges the sufficiency of the evidence supporting his conviction. Ordinarily, we would address a challenge to the sufficiency of the evidence first because it could potentially result in the rendition of a judgment of acquittal by this court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42 (1982). As set forth herein, Appellant's successful double jeopardy claim has the same result.

3

punishments for the same offense." *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013) (citing *Brown v. Ohio*, 432 U.S. 161, 164–65 (1977)). Appellant's double jeopardy claim falls under the first protection—a second prosecution for the same offense after the functional equivalent of an acquittal. *See Duran v. State*, No. PD-0429-15, 2016 WL 3448246, at *2 (Tex. Crim. App. June 22, 2016) ("[I]f the State dismisses, waives, or abandons a charge after a jeopardy has attached (after a jury is impaneled and sworn in a jury trial), it is tantamount to an acquittal.").

Appellant's double jeopardy claim hinges upon a determination of whether the prosecution in cause no. CR39782 and the prosecution in the underlying trial were for the same offense. Appellant presented his double jeopardy claim to the trial court by filing a special plea of double jeopardy pursuant to TEX. CODE CRIM. PROC. ANN. art. 27.05 (West 2006). The trial court conducted a brief pretrial hearing on Appellant's special plea of double jeopardy. In reliance upon *Byrd v. State*, 336 S.W.3d 242 (Tex. Crim. App. 2011), the prosecutor asserted at the hearing that the change of the name of the person to whom Appellant allegedly passed the writing constituted the allegation of a different offense for double jeopardy purposes. The trial court agreed with the State's position and denied Appellant's special plea of double jeopardy in a written order citing *Byrd*.

From a procedural standpoint, the trial court did not err in denying Appellant's special plea of double jeopardy prior to trial. Under Article 27.07, all issues of fact presented in a special plea of double jeopardy are to be tried by the trier of fact in the trial on the merits. *Apolinar v. State*, 820 S.W.2d 792, 793 (Tex. Crim. App. 1991) (citing CRIM. PROC. art. 27.07). Furthermore, special pleas of double jeopardy are only applicable when the former jeopardy claim involves successive *punishment*

claims, not successive *prosecution* claims. *Id.* at 794; *Kelson v. State*, 167 S.W.3d 587, 592 (Tex. App.—Beaumont 2005, no pet.).[2]

In addition to asserting that the trial court erred in denying his special plea of double jeopardy, Appellant asserts that his double jeopardy rights were violated because he was prosecuted twice for the same offense. He requests that we render a judgment of acquittal because of the violation. The double jeopardy protections are fundamental in nature. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). A double jeopardy claim may be raised for the first time on appeal where "the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Id.* In this case, the record is fully developed for the purpose of determining whether Appellant was tried for the same offense. *See Saenz v. State*, 131 S.W.3d 43, 50 (Tex. App.—San Antonio 2003), *aff'd*, 166 S.W.3d 270 (Tex. Crim. App. 2005). Furthermore, the trial court and the State were aware of Appellant's double jeopardy claim because of his special plea of double jeopardy. *See id.* We conclude that there is no need for further proceedings to add new evidence to the record and that the enforcement of the usual rules of procedural default—by not addressing the merits of Appellant's claim of a double jeopardy violation in this appeal—would serve no legitimate state interest.

In its brief, the State asserted that "[t]his Court should examine the double jeopardy claim in light of the holding [in] *Parker v. State*, 985 S.W.2d 460 (Tex. Crim. App. 1999)." The State further stated that *Byrd v. State*, the case upon which it and the trial court relied in denying Appellant's special plea of double jeopardy, is

---

[2]The proper procedural method for defendants to utilize when claiming a double jeopardy violation arising from successive prosecutions is a pretrial writ of habeas corpus. *Apolinar*, 820 S.W.2d at 794; *Kelson*, 167 S.W.3d at 592. The special plea of double jeopardy is deficient because it does not protect against retrial. *Apolinar*, 820 S.W.2d at 794; *Kelson*, 167 S.W.3d at 592.

distinguishable because it involved theft rather than forgery. The State acknowledges that the facts in this case are "in line with the situation" in *Parker*. Furthermore, the State acknowledges that, under the holding in *Parker*, Appellant was tried for the same offense in the underlying trial that was the subject of cause no. CR39782. We agree.[3]

In *Parker*, the indictment alleged that the defendant passed a forged writing to the store manager. 985 S.W.2d at 461–62. However, the defendant actually passed the writing to a salesperson at the store, not the store manager. *Id.* at 462. The salesperson subsequently passed the writing to the store manager. *Id.* The defendant asserted on appeal that "the indictment alleged he passed a forged instrument to one person, whereas the proof at trial established that he passed it to another, therefore there was a fatal variance between the allegation in the indictment and the proof at trial." *Id.* at 461. Following *Dukes v. State*, the Court of Criminal Appeals concluded that, "where a person presents a forged instrument to one individual, and allows the instrument to be given to a second individual with the intention that the second individual will accept and give value for the instrument, he has passed that instrument to the second individual." *Id.* at 464 (quoting *Dukes v. State*, 742 S.W.2d 472, 474 (Tex. App.—Dallas 1987, pet. ref'd)). "[I]t is the intent of the person passing the forged instrument which is at issue in a forgery case, not whether the passee will accept and give value for the instrument." *Id.* at 463 (citing *Watson v. State*, 718 S.W.2d 892, 895 (Tex. App.—Beaumont 1986, pet. ref'd)). The court further held that "[e]ither [the salesperson] or [the store manager] could be named in the indictment as the individual to whom the instrument was passed" under the facts in the case. *Id.* at 464.

---

[3]We commend the State on bringing the adverse holding in *Parker* to our attention and acknowledging that Appellant's double jeopardy claim should be reviewed on the merits in this appeal.

The facts in this appeal are analogous to the facts in *Parker*. While Appellant passed the power of attorney to Perez, Perez then passed the power of attorney to Rogers. Rogers then acted upon the power of attorney by executing the certificate of title on behalf of Farley. Thus, under *Parker*, the evidence at trial established that Appellant passed the power of attorney to Rogers. Accordingly, the underlying trial constituted a successive prosecution for the same offense that was dismissed after jeopardy attached in trial court cause no. CR39782. We sustain Appellant's second issue asserting a double jeopardy violation.

*This Court's Ruling*

We vacate Appellant's conviction for forgery by passing because the conviction violates the Double Jeopardy Clause of the U.S. Constitution. Accordingly, we reverse the judgment of the trial court, and we render a judgment of acquittal. *See Saenz*, 131 S.W.3d at 53.

JOHN M. BAILEY

JUSTICE

September 15, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.