**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00158-CR
NO. 09-21-00159-CR
NO. 09-21-00160-CR
NO. 09-21-00161-CR
NO. 09-21-00162-CR
NO. 09-21-00163-CR

_____

**EX PARTE EMAD MIKHAIL TEWFIK BISHAI**

_____

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 19-11-14893-CR, 19-11-14894-CR,**
**19-11-14896-CR, 19-11-14902-CR, 19-11-14905-CR & 20-09-11172-CR**

_____

**MEMORANDUM OPINION**

Appellant Emad Mikhail Tewfik Bishai appeals the trial court's denial of

Bishai's pretrial application for writ of habeas corpus in trial cause numbers 19-11-

14893-CR (appellate cause number 09-21-00158-CR), 19-11-14894-CR (appellate

cause number 09-21-00159-CR), 09-11-14896-CR (appellate cause number 09-21-

00160-CR), 19-11-14902-CR (appellate cause number 09-21-00161-CR), 09-19-11-

1

14905-CR (appellate cause number 09-21-00162-CR), and 20-09-11172-CR (appellate cause number 09-21-00163-CR). We affirm.

## Background

Bishai was charged by ten indictments with crimes related to his medical practice. The trial court signed an order consolidating eight of the ten indictments for trial. Bishai filed a pretrial application for a writ of habeas corpus in six of the ten trial causes challenging the facial validity of the underlying statutes, sections 165.152 and 164.053 of the Texas Occupations Code. The four pending cases that are not subject to Bishai's facial challenge are filed under cause numbers 19-11-14895, 19-11-14898, 19-11-14900, and 19-11-14904, and, according to Bishai, those indictments charge him with violating section 481.128 of the Texas Health and Safety Code.

Each of the challenged indictments contains a single count and charges Bishai with violating section 165.152 of the Texas Occupations Code. Section 165.152(a) states: "[a] person commits an offense if the person practices medicine in this state in violation of [Subtitle B of Title 3 of the Occupations Code, commonly known as the Medical Practice Act]." Tex. Occ. Code Ann. § 165.152(a). Violation of section 165.152 is punishable by up to ten years in the penitentiary (a third-degree felony) and final conviction also results in the forfeiture of a physician's medical license. *See id.* § 165.152(c), (d); *see also* Tex. Penal Code Ann. § 12.34(a). Each of the six

2

indictments challenged by Bishai relies on provisions in section 164.053 of the Texas Occupations Code to set out the manner and means of the alleged section 165.152 violations. Section 164.053 provides, in relevant part:

> (a) [U]nprofessional or dishonorable conduct likely to deceive or defraud the public includes conduct in which a physician:
> …
> (3) writes prescriptions for or dispenses to a person who:
>     (A) is known to be an abuser of narcotic drugs, controlled substances, or dangerous drugs; or
>     (B) the physician should have known was an abuser of narcotic drugs, controlled substances, or dangerous drugs;
> …
> (5) prescribes or administers a drug or treatment that is nontherapeutic in nature or nontherapeutic in the manner the drug or treatment is administered or prescribed;
> …
> (9) delegates professional medical responsibility or acts to a person if the delegating physician knows or has reason to know that the person is not qualified by training, experience, or licensure to perform the responsibility or acts.

Tex. Occ. Code Ann. § 164.053(a)(3), (5), (9).

Four of the indictments challenged by Bishai rely on section 164.053(a)(3) for their manner and means and allege that Bishai

> as a physician,…practice[d] medicine in violation of [the Medical Practice Act] by committing a prohibited practice, to wit: committing unprofessional or dishonorable conduct that is likely to deceive or defraud the public by writing a prescription for dispensing to [a patient], a person whom the physician knew or should have known was an abuser of narcotic drugs, controlled substances, or dangerous drugs, or by prescribing or administering a drug or treatment that is nontherapeutic in nature or nontherapeutic in the manner the drug is administered or prescribed[.]

3

One of the indictments challenged by Bishai relies on section 164.053(5) for its manner and means and alleges that Bishai

> as a physician,…practice[d] medicine in violation of [the Medical Practice Act] by committing a prohibited practice, to wit: committing unprofessional or dishonorable conduct that is likely to deceive or defraud the public by prescribing or administering a drug or treatment to [a patient] that is nontherapeutic in nature or nontherapeutic in the manner the drug is administered or prescribed[.]

The sixth indictment challenged by Bishai relies on section 164.053(a)(9) for its manner and means and alleges that Bishai

> as a physician,…practice[d] medicine in violation of [the Medical Malpractice Act] by committing a prohibited practice, to wit: committing unprofessional or dishonorable conduct that is likely to deceive or defraud the public by delegating professional medical responsibility or acts to a person, namely: [E.M., J.H. or M.Y.] whom the Defendant knew or had reason to know was not qualified by training, experience, or licensure to perform the responsibility or acts; or failed to supervise adequately the activities of [E.M., J.H. or M.Y.], individuals acting under the supervision of Defendant[.]

Appellate Issues

In two issues, Appellant argues that sections 165.152 and 164.053 of the Texas Occupations Code are unconstitutionally vague under federal and state law. According to Bishai, each of the six indictments against him relies on provisions in section 164.053 to set out the manner and means of the alleged section 165.152 violations. Bishai argues that he has challenged the facial validity of sections 165.152 and 164.053 in the pretrial habeas applications filed in each of the six cases, and he contends the trial court erred in denying relief.

4

Bishai argues that section 164.053(a)(3) and (5) has terms that are not defined and that are unconstitutionally vague. More specifically he challenges the terms "abuser of narcotic drugs, controlled substances, or dangerous drugs," "nontherapeutic in nature," "nontherapeutic in the manner the drug is administered or prescribed," and section 164.053(a)(9)'s term "professional medical responsibility or acts[]" because he contends they are not defined by statute and are all susceptible to subjective interpretation.[1] According to Bishai, he is not required to show that the challenged statutes operate unconstitutionally in all possible circumstances to prevail, and he argues that section 165.152 contains no scienter requirement and no "'determinate guidelines'[]" for law enforcement (or the public in general) to differentiate between an administrative, injunctive, or civil violation of the Medical Practice Act, and a criminal one.

The State responds that (1) Bishai's challenge is not cognizable because habeas relief would not entitle him to immediate release; (2) Bishai has not satisfied his burden to prove that the presumptively-valid statutes are unconstitutional; and (3) the statutes under which Bishai is charged are not unconstitutionally vague. We affirm.

---

[1] Bishai also argues that if the State contends that section 165.152 proscribes only conduct set forth in section 164.052 (entitled "Prohibited Practices by Physician or License Applicant"), "violations of [section] 164.052 while practicing medicine are *themselves* overly broad and not statutorily defined."

Standard of Review

In reviewing a trial court's decision on a pretrial application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Whether Bishai's Claims are Cognizable

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). This remedy is reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); *see Ingram*, 533 S.W.3d at 891-92; *Perry*, 483 S.W.3d at 895. Whether a claim is cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). When determining whether an issue is cognizable by pretrial habeas, courts consider a

6

variety of facts, including whether the rights underlying the claims would be effectively undermined if not vindicated before trial and whether the alleged defect would bring into question the trial court's power to proceed. *Perry*, 483 S.W.3d at 895-96; *Weise*, 55 S.W.3d at 619. Appellate courts should be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before the appellate court at the pretrial state. *See Ellis*, 309 S.W.3d at 79; *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Weise*, 55 S.W.3d at 619.

Generally, a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the applicant's favor, it would deprive the trial court of the power to proceed and result in the applicant's immediate release. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006) (citing *Weise*, 55 S.W.3d at 619); *see Smith*, 178 S.W.3d at 801 (explaining the defendant may use pretrial writ of habeas corpus "only in very limited circumstances[]": (1) to challenge State's power to restrain him at all; (2) to challenge manner of his pretrial restraint, such as denial of bail or conditions attached to bail; and (3) to raise certain issues that, if meritorious, would bar prosecution or conviction); *see also Perry*, 483 S.W.3d at 895 (discussing types of claims that are cognizable in pretrial writ of habeas corpus); *Weise*, 55 S.W.3d at 619-20 (same).

7

According to the State, Bishai's claims are not cognizable because Bishai faces prosecution under ten indictments, eight of which have been consolidated for trial, and that even if his habeas arguments prevail, he would not be entitled to immediate release because he would remain subject to prosecution under the four unchallenged indictments. The State also argues that because Bishai has an adequate remedy to present his claims by direct appeal, his pretrial writ applications should not be considered by a trial court or appellate court.

In support of its argument, the State relies on *Ex parte Couch*, 629 S.W.3d 217, 217-18 (Tex. Crim. App. 2021), and *Ex parte Ares*, No. 13-17-00638-CR, 2019 Tex. App. LEXIS 8394, at **11-12 (Tex. App.—Corpus Christi Sept. 19, 2019, pet. ref'd) (mem. op., not designated for publication). In *Ex parte Couch*, Couch was charged in four separate cause numbers with money laundering under section 34.02(a)(4) of the Texas Penal Code which provides that

> A person commits an offense if the person knowingly: finances or invests or intends to finance or invest funds that the person believes are intended to further the commission of criminal activity.

629 S.W.3d at 217 (quoting Tex. Penal Code Ann. § 34.02(a)(4)). Couch filed a pretrial application for writ of habeas corpus seeking dismissal of the indictment on the ground that the statute was facially unconstitutional because "by forbidding the mere intent to finance or invest funds intended for further the commission of criminal activity," it creates a "thought crime" under the First, Eighth, and Fourteenth

8

Amendments. *Id.* The trial court denied relief. *Id.* The court of appeals concluded that the statute was not facially unconstitutional and affirmed the trial court's ruling. *Id.* On Couch's petition for discretionary review, the Court of Criminal Appeals explained its rationale in remanding the case to the court of appeals to address the cognizability of the issues raised in Couch's pretrial writ application:

> In considering appellant's petition, we noticed that there may be a question about the cognizability of appellant's challenge to the statute. "[A] pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release." [] Here, appellant's indictments allege that she did knowingly (1) "finance or invest" or (2) "intent to finance or invest," but her writ application challenges only the portion of the statute pertaining to the second of these, "intend to finance or invest." Thus, even if the challenged portion of the statute were struck as facially unconstitutional, it may be that only those corresponding portions of her indictments would need to be struck, and the prosecution could at least theoretically proceed on the other allegations.
> The court of appeals should have addressed cognizability as a threshold issue before reaching the merits of the claim. []

*Id.* (internal citations omitted).

In *Ex parte Ares*, Ares was indicted for the felony offenses of (1) theft of property in an aggregate amount of more than $100,000 but less than $200,000; and (2) securing the execution of a document by deception with a value of $20,000 or more but less than $100,000. 2019 Tex. App. LEXIS 8394, at **1-2. Ares allegedly had taken payments through her business from customers for the purchase of mobile homes but never gave the customers the products. *Id.* at *2. She filed a pretrial writ of habeas corpus and the trial court denied relief. *Id.* On appeal, she argued that she

9

was being illegally restrained by criminal charges related to a civil debt and that the statute she was charged under was unconstitutional as applied to her. *Id.* The Thirteenth Court of Appeals affirmed the denial of the writ of habeas corpus. *Id.* She later filed motion to quash and dismiss the indictment on several grounds and the trial court denied relief. *Id.* at \*\*2-3. On appeal, she argued that the statutes under which she was indicted were *in pari materia*[2] with the Manufactured Housing Act and that such a claim is cognizable in a pretrial petition for writ of habeas corpus. *Id.* at \*3. The Thirteenth Court of Appeals noted that a court may only conclude that two statutes are *in pari materia* if the charging instrument "on its face" raises the issue, and the Court concluded that count one did not allege facts indicating that manufactured housing was involved or that Ares could have been charged under the Manufactured Housing Act. *Id.* at \*\*10-11. The Thirteenth Court of Appeals further determined that Ares's challenge to count two of the indictment was not cognizable in a pretrial writ of habeas corpus because count one was valid and, therefore, even if Ares was successful on her challenge to count two, it would not result in her immediate release. *Id.* at \*\*11-12.

---

[2] The Court in *Ares* explained that under the doctrine of *in pari materia*, statutes that deal with the same general subject or have the same general purpose can be construed together, statutes in conflict can be harmonized, or, in the case of an irreconcilable conflict, a specific statute controls over a more general statute. *Ex parte Ares*, No. 13-17-00638-CR, 2019 Tex. App. LEXIS 8394, at \*\*8-9 (Tex. App.—Corpus Christi Sept. 19, 2019, pet. ref'd) (mem. op., not designated for publication).

Bishai argues in his Reply Brief that his claims are cognizable, and that *Ares* and *Couch* are distinguishable because in those cases Ares and Couch did not challenge all allegations in the respective indictments and that a portion of the indictments would have survived even if the habeas claims had succeeded. According to Bishai, if his challenges to the indictments succeed, the entirety of those six indictments will fail and no viable portion of each of the indictments will remain. He argues that "[t]he State confuses foreclosing prosecution generally with foreclosing prosecution on separate, independent indictments."

The purpose of a pretrial habeas corpus application is to stop trial and secure immediate release from illegal confinement or restraint. *Kelson v. State*, 167 S.W.3d 587, 593 (Tex. App.—Beaumont 2005, no pet.); *Green v. State*, 999 S.W.2d 474, 477 (Tex. App.—Fort Worth 1999, pet. ref'd); *see also Perry*, 483 S.W.3d at 895. Bishai has not established that he is entitled to immediate release from confinement if he is successful in his challenges to the six indictments, nor does the record support that result. The six charges Bishai challenges in his pretrial writ are consolidated for trial with other charges contained in other indictments he has not challenged here. If Bishai is convicted on any of the six challenged indictments he can make his constitutional challenges on appeal. *See Weise*, 55 S.W.3d at 619. We conclude Bishai's claims are not cognizable in a pretrial habeas, and the trial court did not abuse its discretion in denying Bishai's applications.

11

Because we have determined that Bishai's claims are not cognizable, we need not address the merits of his claims. *See Ellis*, 309 S.W.3d at 79; *Paxton*, 493 S.W.3d at 297. We affirm the trial court's order denying relief on Bishai's pretrial applications for writ of habeas corpus.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 27, 2021
Opinion Delivered November 24, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.