**Benny L. COLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 63585, 63586.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 22, 1982.

Rehearing Denied Nov. 10, 1982.

Richard Alan Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., and Stanley Keeton, Norman Kinne and Rider Scott, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W.C. DAVIS, JJ.

### OPINION

ROBERTS, Judge.

The appellant was convicted by a jury of aggravated robbery and aggravated rape. Punishment in the robbery case was assessed at confinement for fifty years, and in the rape case at confinement for life.

The appellant does not challenge the sufficiency of the evidence. In his second ground of error, he contends that the trial court erred in denying him the opportunity to present evidence to the jury in support of his plea of former jeopardy.

The appellant's first trial on these two offenses ended in a mistrial. Before his second trial began, the appellant presented to the trial court a verified special plea in bar which asserted that his first trial had been improperly terminated. See V.A.C.

C.P., Article 27.05(3). He presented testimony to the trial court outside the presence of the jury on two occasions. He then requested the opportunity to read the special plea to the jury and present the testimony to the jury. The trial court denied the request, stating that "those matters that would be admissible before the Jury would not raise a fact question for the Jury." This ruling was in error.

The appellant's special plea alleged:

"COMES NOW BENNY L. COLLINS, Defendant in the above styled and numbered cause, by and through his attorney of record and moves the Court for a dismissal with prejudice of these causes on the ground that he was previously placed in jeopardy for the same offenses arising out of the same transaction, and that the trial in this cause was improperly terminated prior to a final verdict because of gross prosecutorial misconduct, and in support hereof would show unto the Court as follows:

I

"That the Defendant was previously placed in jeopardy for the offense with which he is charged in the above entitled and numbered cause. On July 19, 1978, the case styled The State of Texas vs. Benny L. Collins, Cause No. F–78–4178–NM, in which this Defendant was charged with aggravated robbery that allegedly occurred on January 29, 1978, with the complaining witness being Fred Tidwell, was called to trial in the 194th Judicial District Court, Dallas County, Texas, the Honorable Kirby Vance, visiting Judge, presiding.

II

"The trial was before a jury on the Defendant's plea of not guilty. The Jury was empanelled, the Defendant arraigned before the Jury, and his plea of not guilty entered for the record and the Jury. Testimony was heard on the offense.

III

"On July 20, 1978, a mistrial was declared by the Court in the above described former prosecution for the reason that Norman Kinne, Assistant District Attorney, during his cross-examination of the State's witness, Dr. John Gruinhalter, improperly challenged the Defendant to come forth with evidence of his innocence, thereby commenting upon the Defendant's Fifth Amendment privilege to remain silent, the presumption of innocence, and the obligation of the State of Texas to prove its case beyond a reasonable doubt as to each and every element of the Indictment.

IV

"That these improper statements were made by Mr. Norman Kinne, an Assistant District Attorney with many years experience and understanding of criminal law and proper questions that may be asked of a witness under criminal jurisprudence.

V

"That the improper questions and statements by Mr. Kinne were known by Mr. Kinne to be improper and *were calculated to cause the Defendant, through his attorney, to ask for a mistrial* and thereby deprive this Defendant of his right to have the Jury that had already been empanelled and heard evidence in the case return a verdict in the case. [Emphasis added]

VI

"That Assistant District Attorney Rider Scott, who voir dired the jury panel on behalf of the State of Texas, commented to Defendant's attorney during jury selection that he had seen better looking jail chains than this jury panel.

VII

"That the Assistant District Attorney, Norman Kinne, stated to the Defendant's

attorney that the Jury empanelled in this Defendant's case on July 19, 1978, was the worst-looking State's Jury he had seen in fifteen (15) years of practice.

## VIII

"That during the course of the trial Assistant District Attorney, Norman Kinne, several times urged the attorney for the Defendant to move for a mistrial after improper side bar comments had been made.

## IX

"That after the mistrial had been granted, the Honorable Kirby Vance, the presiding Judge of the trial, stated to the attorney for the Defendant that he thought Kinne did it on purpose and that he had tried one once before when he did something like this.

## X

"That the improper comments and statements of the Assistant District Attorney, Norman Kinne, placed this Defendant and his attorney in a position so that they must choose between preserving prosecutorial error on appeal or continuing with the Jury that had been sworn in and empanelled to try the case. That to place the Defendant in such an unconscionable position concerning his choices constituted gross prosecutorial misconduct and resulted in the improper termination of the prior trial.

"WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the trial be abated and the prosecution barred due to the gross prosecutorial misconduct that resulted in an improper termination of a prior trial that deprived this Defendant of his right to a jury of his choice to determine the accusations against him."

The appellant presented testimony in support of this plea from both prosecutors at the appellant's first trial and testimony from the appellant's attorney. The State did not seriously contest the allegations con-

cerning the objective facts which led to the declaration of the mistrial. The State did contest the appellant's allegation that the prosecutors had intended to provoke a mistrial.

The State now argues that no "legitimate fact issue" existed for the jury to solve. This argument assumes that the ultimate fact to be proven, the intent of the prosecutors, was not a fact question for the jury. We disagree.

In *Oregon v. Kennedy,* —— U.S. ——, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), the United States Supreme Court held that, as a matter of federal constitutional law, "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of Double Jeopardy to a second trial after having succeeded in aborting the first on his own motion." —— U.S. —— at ——, 102 S.Ct. at 2089. In announcing this standard, the Court also noted:

". . . a standard that examines the intent of the prosecutor, though certainly not entirely free from practical difficulties, is a manageable standard to apply. *It merely calls for the court to make a finding of fact. Inferring the existence or non-existence of intent from objective facts and circumstances is a familiar process in our criminal justice system.*" (emphasis added) —— U.S. at ——, 102 S.Ct. at 1089.

Thus, as a matter of federal law, the ultimate fact question, the intent of the prosecutors, is a question to be resolved by the finder of fact.

■ Although the opinion of the court did not cite *Oregon v. Kennedy,* this court recently held that the same standard will be applied in Texas to cases involving a plea of former jeopardy after the defendant asked for a mistrial. See *Anderson v. State,* 635 S.W.2d 722 (Tex.Cr.App., 1982). In that case, the court emphasized that the determination of the intent of the prosecutor is a factual question to be decided by the trier of fact.

In Texas, the trier of fact on a defendant's special plea of former jeopardy, is, by statute, "the trier of the facts on the trial on the merits." V.A.C.C.P., Article 27.07. In *Anderson,* supra, that trier of fact was the trial court; the defendants entered pleas of guilty to the court. In the case before us, the trier of fact on the trial on the merits was the jury. The defendant's special plea should have been submitted to the jury for the resolution of the question of the prosecutors' intent in asking the objectionable question at the appellant's first trial. Because the trial court refused to submit this question to the jury, these judgments must be reversed.

The State also appears to argue that the evidence did not show intentional conduct on the part of the prosecutors. Since that was the ultimate question to be decided by the trier of fact, we cannot find that the failure to submit the question to the jury was harmless error unless no rational finder of fact could have found in the appellant's favor. *Cf. Fields v. State,* 627 S.W.2d 714, 721 (Tex.Cr.App.1982) (when there was "no evidence" of prosecutorial overreaching, "No fact issues were presented for the jury's resolution"). On this record, we are unwilling to so hold. The appellant presented some evidence that the prosecutors were unhappy with the jury at the appellant's first trial, and some evidence from which a fact-finder could infer that the prosecutors knew that the question asked was objectionable. A rational fact-finder could infer from this record that the prosecutors intended to provoke the mistrial request in order to obtain a more favorable jury at a second trial. Since a rational fact-finder could so infer, the appellant was entitled to have the question submitted to the jury.

The judgments are reversed. The causes are remanded for new trials.