IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-381-CR




CESAR ALFREDO QUINTANILLA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 7686, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault and assessed punishment
at imprisonment for ninety-nine years. Tex. Penal Code Ann. § 22.021 (West 1989). We will
affirm.

 The complainant testified that on the day in question, she and appellant, her
brother-in-law, were alone in her parents' house. Appellant told the complainant that he wanted
to have sexual intercourse with her. She refused. He became violent, threw her to the floor, and
forcibly penetrated her.

 Appellant testified that he and the complainant were having an affair. He called
several other witnesses in an effort to demonstrate that he and the complainant had sexual
intercourse on several occasions. According to appellant, all acts of sexual intercourse he had
with the complainant were consensual.

 In his first point of error, appellant contends that the defensive testimony
established that he and the complainant were having a sexual affair, that the act of sexual
intercourse was consensual, and that no reasonable trier of fact could have found to the contrary. 
In determining the legal sufficiency of the evidence to support a criminal conviction, the question
is whether, after viewing all the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981). The credibility of the complainant, appellant, and the other witnesses, and the weight to
give their testimony, was a question for the jury. Tex. Code Crim. Proc. Ann. art. 38.04 (West
1979). Because it is nothing more than an attack on the jury's decision to believe the complaining
witness rather than appellant, point of error one is overruled.

 In his second point of error, appellant urges that the evidence is legally insufficient
to support the jury's finding that he compelled the complaining witness to submit to the assault
by means of force, threats, and violence. His argument and authorities under this point, however,
appear to challenge the sufficiency of the evidence with respect to the aggravating element: that
by acts and words he placed the complainant in fear of imminent death, serious bodily injury, or
kidnapping. See Penal Code § 22.021(a)(2)(A)(ii). The point of error is without merit in either
case.

 The complainant testified that after she refused to have sexual intercourse with
appellant, he became angry and violent. He seized her arm "and started to twist it real bad, very
ugly and hurted me very much. He almost wanted to break it off." She screamed, begged
appellant to stop, and unsuccessfully tried to pull away from him. She was "very scared." 
Appellant forced the complainant into the hallway, where "somehow he got me to the floor. I
kept on struggling and I ended up in between the closet doors and it all happened so quick that
he stopped my circulation, my breathing." Appellant told the complainant, "I have something in
my pocket if you don't be quiet." The complainant "thought if he did have something in his
pocket that he was going to kill me." Appellant removed the complainant's pants and underwear,
then penetrated her with his finger and penis. Throughout her ordeal, the complainant "was very
scared, very, very frightened of what he was doing and just wanted to get through it. I didn't
know if I was going to get through it alive or if he was going to kill me." After the assault,
appellant told the complainant that he would kill her if she told anyone of it.

 A physical examination of the complainant later that day confirmed a recent act of
sexual intercourse. The nurse who conducted the examination testified that the complainant had
bruises and scratches on her face, arm, and thigh.

 Viewed in the light most favorable to the verdict, the evidence is sufficient to
support the finding that appellant compelled the complainant to submit to an act of sexual
intercourse by means of force, threats, and violence. A rational trier of fact could also conclude
from the evidence that appellant's acts and words placed the victim in fear of imminent serious
bodily injury or death, and that this fear was reasonable in light of appellant's conduct. Baker v.
State, 797 S.W.2d 406, 410 (Tex. App.--Fort Worth 1990, pet. ref'd); Dacquisto v. State, 721
S.W.2d 603 (Tex. App.--Amarillo 1986, pet. ref'd). Point of error two is overruled.

 By his third point of error, appellant complains that he was denied effective
assistance of counsel when his attorney at trial moved for a mistrial without adequately explaining
to appellant his jeopardy rights. The docket sheet reflects that after the first jury was impaneled
and sworn, appellant's motion for mistrial was granted. Appellant was tried by a second jury one
week later. According to appellant's brief, the motion for mistrial was made after it was learned
that one of the original jurors had been convicted of a felony. See Tex. Code Crim. Proc. Ann.
arts. 35.16(a)(2), 35.19 (West 1989). Appellant contends that his attorney did not explain to him
before requesting the mistrial that he could choose instead to be tried by the remaining eleven
jurors.

 The appellate record does not contain a transcription of the court reporter's notes
from the first trial. See Tex. R. App. P. 50(d). There is nothing in the record before us to
support appellant's assertion that counsel did not adequately advise him of his rights with respect
to the mistrial motion. The third point of error is overruled.

 In point of error four, appellant urges that the district court erred by granting his
motion for mistrial and should have continued the first trial with eleven jurors. But under the
doctrine of invited error, appellant cannot complain on appeal that the district court granted
appellant's own request. Ex parte Hargett, 827 S.W.2d 606, 607 (Tex. App.--Austin 1992, pet.
ref'd). Appellant also argues under this point of error that his trial counsel should have filed a
petition for writ of habeas corpus before the second trial to protect appellant against double
jeopardy. Appellant makes no effort to show that the State engaged in conduct intended to
provoke appellant's motion for mistrial. In the absence of such conduct, appellant had no valid
double jeopardy claim. Oregon v. Kennedy, 456 U.S. 667, 679 (1982); Collins v. State, 640
S.W.2d 288 (Tex. Crim. App. 1982). The fourth point of error is overruled.

 In his final point of error, appellant contends that there was a conflict of interest
between himself and his trial counsel. Appellant asserts that his trial attorney solicited and
obtained money from appellant despite being appointed to represent him. Appellant cites nothing
in the record to support this allegation. Point of error five is overruled.

 The judgment of conviction is affirmed. 


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: April 28, 1993

[Do Not Publish]