11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Clifford Scott Wright

Appellant

Vs.                   No.
11-00-00327-CR  B Appeal from Taylor County

State of Texas

Appellee

 

The jury
convicted appellant of murder and assessed his punishment at confinement for
life and a $10,000 fine.  We affirm.

In his
first point of error, appellant argues that the trial court erred in overruling
his claim of double jeopardy.  In
another trial for this same offense, the trial court granted a mistrial at the
request of appellant=s
trial counsel.  We will interpret
appellant=s first point of error as raising
constitutional claims under the double jeopardy provisions of the United States
Constitution, Fifth Amendment, as well as under Article I, section 14 of the
Texas Constitution.

In Bauder
v. State, 921 S.W.2d 696, 697 (Tex.Cr.App.1996), the court wrote:            

It is clear that the Fifth Amendment is not
offended by a successive prosecution for the same offense when the earlier
proceeding was terminated at the defendant's request unless the attorney
representing the government deliberately set out to provoke the defendant's
motion for mistrial.   Oregon v. Kennedy,
456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).  We have applied this standard of review to double jeopardy claims
urged under the United States Constitution, as in  Crawford v. State, 703 S.W.2d 655 (Tex.Crim.App.1986), and to
generic double jeopardy claims, as in 
Collins v. State, 640 S.W.2d 288 (Tex.Crim.App.1982) (panel opinion,
rehearing en banc denied), and Anderson v. State, 635 S.W.2d 722
(Tex.Crim.App.1982).   

 

Recognizing
that Texas courts could interpret the Texas Constitution in such a way as to
provide more expansive rights than the United States Constitution, the court in
Bauder also wrote:








[Under the double jeopardy provisions of the
Texas Constitution] a successive prosecution is jeopardy barred after
declaration of a mistrial at the defendant's request, not only when the
objectionable conduct of the prosecutor was intended to induce a motion for
mistrial, but also when the prosecutor was aware but consciously disregarded
the risk that an objectionable event for which he was responsible would require
a mistrial at the defendant's request. 
Under this rule, the prosecutor is not accountable for mistrials when
the trial judge need not have granted the defendant's motion.  But he is accountable for mistrials properly
granted by the trial judge when the events making a mistrial necessary were of
his own deliberate or reckless doing.

 

Bauder v. State, supra at
699.

 

Appellant=s first trial for the offense began on April
10, 2000.  The next day, outside the
presence of the jury, the State told the trial court:

I=d like to state for the record that as the district attorney here in
Taylor County and responsible for the prosecution of this case, on yesterday=s date, which would have been April 10 of the
year 2000, after the conclusion of the proceedings in court yesterday I was
meeting with Detective John McCoy of the Abilene Police Department in my office,
we were discussing the investigation of this case, and at that time a subject=s name was presented to me and at that time
I  learned for the first time from
Detective McCoy that that person had given him information which would have
been exculpatory to the defendant in this case, Clifford Scott Wright.  That is information I had not received until
yesterday afternoon at approximately 5:45 to 6 p.m.  

 

After
receiving that information from the detective I requested that he put that  in the form of a report, in writing.  He did so. 
I furnished that to defense counsel. 
I think without question I would represent to the Court that the information
that we received was exculpatory and had not been disclosed prior to this
morning to defense counsel. 

 

At this
point, appellant=s trial counsel requested a mistrial for the
purpose of further investigation.  There
was no discussion on the record at that time as to the nature of the
exculpatory evidence.  The trial court
granted the mistrial.  On June 30, 2000,
appellant filed a pretrial application for writ of habeas corpus in which he
asserted his claim of double jeopardy. The basis for the writ was that, after
the jury was empaneled and sworn and the trial court had heard testimony from
two witnesses, trial counsel for appellant was required to move for a mistrial
because exculpatory evidence had been withheld.








A hearing,
out of the presence of the jury, was held on July 13, 2000, to address
appellant=s double jeopardy allegation.  At this hearing, the nature of the
exculpatory evidence was developed for the first time.   The prosecutor testified that, on April 10,
2000, Detective John McCoy told him for the first time that George Rangel had
also confessed to the victim=s murder.  Detective McCoy did
not share this information with the prosecutor earlier because he did not feel
it to be important.  The information
regarding Rangel=s confession was never placed in the file
because, in the course of the investigation, the police determined that Rangel=s confession Ahad no bearing on the case.@  The trial court denied
appellant=s request for a writ of habeas corpus.  

The trial
court need not have granted appellant=s request for a mistrial in the first trial.  The prosecutor informed appellant=s trial counsel and the trial court, outside the presence of the jury,
of the newly-discovered exculpatory evidence. 
A mistrial is typically a Alast resort.@  See Bauder v. State, supra at 698-99.   Trial counsel did not request a continuance
to investigate but, instead, requested a mistrial to investigate.  The record does not indicate that the
prosecutor intended to induce appellant=s trial counsel to seek a mistrial or that he engaged in deliberate or
reckless conduct.  The prosecutor
brought the fact that exculpatory evidence existed to the attention of opposing
counsel and the trial court as soon as he was aware of the information.  A mistrial was granted prior to the
development of the nature of the exculpatory evidence.  Furthermore, the police did not consider
Rangel=s confession to be legitimate because,
although he confessed to committing the act, he knew no details of the
murder.  There is no reason that the
prosecutor should have been aware of this information because the police had
conclusively determined that Rangel was not involved.  The request for mistrial was the free election of appellant=s trial counsel.  Because the mistrial did not give rise to a double jeopardy claim
under either the United States Constitution or the Texas Constitution in the
second trial, appellant=s first point of error is overruled.

In his
second point of error, appellant argues that the trial court abused its
discretion in denying his motion to suppress evidence.  We disagree.








Appellant
filed his motion to suppress evidence on January 19, 2000.  In his motion, appellant asserted that A[t]he search in [this] case does not fall
within any exception to the warrant requirement.@  At the hearing on this motion,
one witness, Detective McCoy, testified. 
Although Detective McCoy testified that he requested, obtained, and
executed an arrest warrant for appellant, appellant complains that the arrest
warrant was not presented to the trial court. 
Appellant apparently lived with his parents.  Following an initial interview, appellant and his father
voluntarily consented to a search of the residence.  Both appellant and his father signed a Aconsent to search@ form after reading the document.  The officers searched appellant=s bedroom and seized two pairs of blue jeans;
a T-shirt; a pair of tennis shoes; and a pair of combat-style boots with a
long, dark-brown hair and possible blood on them. 

Appellant=s motion to suppress was denied by the trial
court.  During trial, when the boots
were offered into evidence, trial counsel for appellant stated that he had A[n]o objection@ to their admission.  Although
trial counsel for appellant objected to the admissibility of evidence in his
motion to suppress, when the boots were actually offered into evidence at
trial, he had A[n]o objection.@  Appellant waived his challenge
to the admissibility of evidence.  Moody
v. State, 827 S.W.2d 875, 889 (Tex.Cr.App.1992).  Appellant=s second point of error is overruled.

In his
third point of error, appellant argues that the trial court erred in overruling
his objection to the State=s comment in jury argument which he claims was a comment on his failure
to testify.  There are four permissible
areas of jury argument:  (1) summations
of the evidence;  (2) reasonable
deductions from the evidence; (3) responses to the defendant=s argument; or  (4) a plea for law enforcement. 
See Lagrone v. State, 942 S.W.2d 602, 619 (Tex.Cr.App.1997).  During jury argument, a prosecuting attorney
may draw inferences from the facts in evidence as well as all inferences from the
facts which are reasonable, fair, and legitimate.  McFarland v. State, 989 S.W.2d 749, 751 (Tex.Cr.App.1999).

When
considering whether an argument was an improper comment on the defendant=s failure to testify, we review the statement
from the standpoint of the jury.  Staley
v. State, 887 S.W.2d 885, 895 (Tex.Cr.App.1994).  It is insufficient that the statement might be considered as an
implied or indirect reference to the defendant=s failure to testify.  Staley v.
State, supra at 895.  The argument must
necessarily refer to the defendant=s failure to testify.  Wolfe v.
State, 917 S.W.2d 270, 279 (Tex.Cr.App.1996).

 Erroneous rulings by the trial court
following improper jury argument are classified as Aother errors@ or non-constitutional errors under TEX.R.APP.P. 44.2(b).  See Mosley v. State, 983 S.W.2d 249, 259
(Tex.Cr.App.1998).  The Court of
Criminal Appeals has held:

A criminal conviction should not be
overturned for non-constitutional error if the appellate court, after examining
the record as a whole, has fair assurance that the error did not influence the
jury, or had but a slight effect.  

 

Johnson v. State, 967
S.W.2d 410, 417 (Tex.Cr.App.1998). 








Pamela J.
Brady testified that appellant confessed to the murder a number of years after
the offense was committed.  Brady was
one of several witnesses for the State who testified that appellant had
confessed that he had committed the murder. 
In his closing argument, trial counsel for appellant attacked the
credibility of these witnesses.  In
response, the prosecutor argued that the witnesses were credible because
appellant admitted to committing the offense at different times to different
people.  During the prosecutor=s argument, the following exchange took
place:

[PROSECUTOR]:  But even if you discount that, say APeople are liable to boast and talk big while
they=re in the jail,@ years and years later Pam Brady says, ASitting in a car in a park, he told me he did it.  And he was emotional about it.@  Now,
folks, would an innocent person say that under those conditions?  If you=d been accused and arrested for something this serious sixteen years
ago, think that you would scream to the mountainside AI didn=t do it.@ 
Innocent B

 

[DEFENSE
COUNSEL]: Objection, Your Honor. 
Comments on the defendant=s failure to testify.  We=d ask for a mistrial.

 

[PROSECUTOR]:
I=m speaking of the conversation in the car
with Pam Brady.

 

THE COURT:
Overrule the objection. 

 

After
reviewing the record as a whole, it appears that the prosecutor was summarizing
the testimony of the witnesses to whom appellant confessed the commission of
the offense.  The argument did not
necessarily refer to appellant=s failure to testify; it is a characterization of witness testimony
presented by the State.  

Moreover,
even if the prosecutor=s
comment was improper, it is not reversible error.  The prosecutor=s comment does not rise to such a level that appellant=s substantial rights were affected; it did
not influence the jury or have an insignificant effect on the verdict.  See Rule 44.2(b).  Appellant=s third point of error is overruled.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

April 18, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.