Opinion filed December 31, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00337-CR

_____

## EX PARTE PATRICK HAWTHORNE

On Appeal from the 259th District Court

Jones County, Texas

Trial Court Cause No. 024014

—and—

_____

## No. 11-16-00359-CR

_____

## PATRICK NEAL HAWTHORNE, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 259th District Court

Jones County, Texas

Trial Court Cause No. 011209

# MEMORANDUM OPINION

In this opinion, we address two related appeals: the first (11-16-00337-CR) is an appeal from the denial of a request for habeas corpus relief based on double jeopardy; the second (11-16-00359-CR) is an appeal from two judgments of conviction for sexual assault of a child. The trial court declared a mistrial during the first jury trial. Subsequent to the mistrial, Appellant filed an application for writ of habeas corpus in which he sought to have the indictment dismissed on double jeopardy grounds. The trial court denied Appellant's application without conducting a hearing, and Appellant filed a notice of appeal. While that appeal was pending, a different jury convicted Appellant of two counts of sexual assault of a child under the age of seventeen. The jury assessed Appellant's punishment at confinement for seven years for each count. We affirm both the order in which the trial court denied habeas corpus relief and the judgments of conviction.

Appellant presents three issues in the first appeal and six issues in the second appeal. He argues in the habeas corpus appeal that the trial court erred in failing to conduct a hearing on his application for writ of habeas corpus, that the trial court erred in failing to stay the proceedings below while his appeal from the denial of habeas corpus relief was pending, and that the trial court should have granted his application for habeas corpus because the mistrial was caused, or goaded, by the conduct of the prosecutor during the first trial. In the second appeal, Appellant presents two issues related to double jeopardy, three issues related to the admission and exclusion of evidence, and one related to the denial of motions for mistrial during the second trial. He does not challenge the sufficiency of the evidence to support his convictions.

We will begin with the double jeopardy issues. We note at the outset that, even though Appellant was tried and convicted while the habeas corpus appeal was

pending in this court, the habeas corpus appeal is not moot because Appellant's application was based on double jeopardy grounds. *See Morris v. State*, No. 11-10-00332-CR, 2011 WL 1818059, at *1 (Tex. App.—Eastland May 12, 2011, pet. ref'd) (mem. op., not designated for publication); *see also Kniatt v. State*, 206 S.W.3d 657 (Tex. Crim. App. 2006) (discussed in *Morris*).

The record reflects that the initial trial ended in a mistrial on day four of trial during Appellant's cross-examination of Texas Ranger Jason Shea. The following colloquy occurred:

> Q. You did several warrants -- obtained several warrants in this case?
>
> A. Yes, sir.
>
> Q. And they related to the communication devices of [Appellant], true?
>
> A. Yes, sir.
>
> Q. And essentially those warrants produced no evidence which showed any link between [the victim] and [Appellant] except for one phone call?
>
> A. That is very false.
>
> Q. Very false?
>
> A. Yes, sir. That is not the truth.
>
> Q. Okay. What links do you have?
>
> A. We have several text messages and phone calls. We just didn't have the business affidavit records to get those into court.

At that time, Appellant's counsel asked to approach the bench, and the trial court sent the jury to the jury room. Appellant then objected that the State had not provided him with "anything other than one phone call that was in the Ranger's report." Appellant pointed out that an essential theme of his case was that there was

3

no evidence of contact between Appellant and the victim and argues that "the State has basically bamboozled us by surprise in the middle of trial."

The trial court permitted Appellant to question Ranger Shea outside the presence of the jury. Ranger Shea explained that he had records indicating that phone calls and text messages were exchanged between Appellant and the victim but that the records did not contain the content of those phone calls and text messages. The prosecutor believed that Appellant had been provided with those records. The trial court recessed the case for approximately three hours for the attorneys and Ranger Shea to sort through the issue. During the recess, the prosecutor came to realize that neither he nor Appellant had been apprised of the records because Ranger Shea had failed to turn them over to the prosecutor. The "records" at the heart of this matter were pages from the victim's cell phone log, not from Appellant's phones. The phone log did not contain the content of any messages, but it indicated that approximately sixteen to twenty messages had been exchanged between Appellant's phones and the victim's phone. Ranger Shea testified that he did not knowingly withhold the records but agreed that he may have been "reckless" in overlooking them. He also testified that he had not provided them to the prosecutor prior to that day.

Appellant asked for a mistrial based on the State's failure to turn over material evidence to the defense. The prosecutor opposed Appellant's request. Prior to ruling on the motion for mistrial, the trial court announced its findings: the failure to provide the phone log was not intentional or even reckless; "this was not intended for the purpose of trying to goad the Defense into a certain defense or a certain procedural position"; and "absolutely no" misconduct had occurred with respect to this matter. The trial court nonetheless declared a mistrial because of the effect that the previously undisclosed evidence had on the credibility of the defense.

4

In his first issue, Appellant argues that the trial court erred when it denied his request for habeas corpus relief without conducting a hearing. He contends that his application was not frivolous and that a hearing was necessary to develop facts not contained in the record. A trial court is not required to conduct an evidentiary hearing before ruling on a defendant's writ application. *Lara v. State*, No. 04-15-00176-CR, 2016 WL 2936548, at *6 (Tex. App.—San Antonio May 18, 2016, pet. ref'd) (mem. op., not designated for publication); *see Ex parte Gonzalez*, 323 S.W.3d 557, 561 (Tex. App.—Waco 2010, pet. ref'd) (holding that, when application is filed pursuant to Article 11.072, no evidentiary hearing is required to resolve controverted facts if the trial judge before whom the habeas application is pending also presided over the applicant's trial). The parties and the same trial judge that ruled on Appellant's application had addressed the State's conduct at the time that Appellant moved for mistrial; the trial judge made relevant findings at that time. Because we do not agree that a hearing was necessary, we overrule Appellant's first issue in the habeas corpus appeal.

Appellant argues in his third issue that the trial court erred when it denied relief because the prosecutor had goaded Appellant into requesting a mistrial during the initial trial of this cause. If the granting of a mistrial at the defendant's request is based upon the conduct of the prosecutor, the Fifth Amendment guarantee against double jeopardy bars retrial only when it has been shown that the prosecutor engaged in conduct that was "intended to provoke the defendant into moving for a mistrial." *Ex parte Lewis*, 219 S.W.3d 335, 336–37 (Tex. Crim. App. 2007) (quoting *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982)) (adopting the *Oregon v. Kennedy* standard as the proper rule in Texas).

In reviewing the trial court's decision in this case with respect to the denial of habeas corpus relief, we review the facts in the light most favorable to the trial court's ruling. *Ex parte Masonheimer*, 220 S.W.3d 494, 506 (Tex. Crim. App.

5

2007). We will uphold that ruling absent an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999) (citing *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997)). We must afford almost total deference to a trial court's determination of historical facts and also to mixed questions of law and fact when the resolution of those questions turns on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We review de novo any mixed questions of law and fact that do not depend upon credibility and demeanor. *Martin*, 6 S.W.3d at 526; *Guzman*, 955 S.W.2d at 89.

The trial judge that granted the mistrial also issued the findings of fact and conclusions of law with respect to the request for habeas corpus relief. The trial court found that the prosecutor did not intend to provoke Appellant into moving for a mistrial and that the prosecutor vehemently opposed the motion for mistrial. The trial court also found that, at the time of the mistrial, the trial was not going badly for the State. Those findings are supported by the record. Deferring to the trial court's findings of fact, we agree that Appellant was not entitled to habeas corpus relief on double jeopardy grounds. *See Kennedy*, 456 U.S. at 679. Accordingly, we overrule Appellant's third issue in the habeas corpus appeal.

In his second issue in the habeas corpus appeal, Appellant presents complaints related to the failure to stay the retrial while the habeas corpus appeal remained pending in this court. He argues that both the trial court and this court erred by refusing to stay the proceedings in the trial court. The State contends that Appellant's challenges to the denial of his motions to stay are not cognizable in an appeal from the denial of his pretrial application for writ of habeas corpus, which bears a separate cause number from Appellant's convictions and is a separate and distinct proceeding from the cause that Appellant desired to stay: the retrial of his criminal prosecution. *See Greenwell v. Court of Appeals for Thirteenth Judicial*

6

*Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005).  We agree and would also note that the denial of Appellant's motion to stay appears to be a moot issue at this juncture.

Moreover, although we agree with Appellant that, generally, a defendant's right not to be exposed to double jeopardy by retrial "must be reviewable before that exposure occurs," *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) (quoting *Ex Parte Robinson*, 641 S.W.2d 552, 555 (Tex Crim App. 1982)), we do not agree that the general rule is controlling in this case.  Instead, where "the trial court has determined that the double jeopardy claim is frivolous and the appellate court is in agreement," the defendant is not entitled to a stay of further proceedings in the trial court while an appeal from the denial of the pretrial writ of habeas corpus is pending in the appellate court.  *Trimboli v. MacLean*, 735 S.W.2d 953, 954 (Tex. App.—Fort Worth 1987, no pet.) (citing *United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980)).  Here, the trial court concluded that Appellant's claim for habeas relief was "utterly without merit," a conclusion with which we agree.  We overrule Appellant's second issue in the habeas corpus appeal.

Appellant presents a related argument in his first issue in the appeal from the judgments of conviction.  In that issue, he complains that the trial court lacked jurisdiction over the retrial because the habeas corpus appeal was pending in this court at the time of the retrial.  We disagree.

As we noted above, the habeas proceeding is separate and distinct from Appellant's criminal prosecution.  *See Greenwell*, 159 S.W.3d at 649–50.  At the time of the retrial of the criminal prosecution in trial court cause no. 011209, an appeal was pending in this court from a final order denying Appellant's application for writ of habeas corpus in trial court cause no. 024014.  Contrary to Appellant's assertion, the appeal that was pending in this court at the time of the retrial was not an interlocutory appeal; rather, it was an appeal from a final judgment in the separate

7

and distinct habeas corpus proceeding. *See id.*; *Kelson v. State*, 167 S.W.3d 587, 593 (Tex. App.—Beaumont 2005, no pet.); *Green v. State*, 999 S.W.2d 474, 477 (Tex. App.—Fort Worth 1999, pet. ref'd). The appeal in cause no. 024014 did not deprive the trial court of jurisdiction in cause no. 011209. We overrule Appellant's first issue in his appeal from the judgments of conviction.

In his next issue, Appellant argues that the trial court erred when it refused to submit Appellant's special plea of double jeopardy to the jury. The record reflects that Appellant filed a special plea of double jeopardy and informed the trial court prior to the retrial that he wished to submit the issue to the jury. The trial judge denied the special plea prior to the beginning of the retrial and ruled as follows: "I am not going to allow that plea to be put to this jury."

Pursuant to the Texas Code of Criminal Procedure, the "only special plea" that a defendant may assert is "that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or should have been consolidated into one trial, and that the former prosecution" resulted in an acquittal or a conviction or, as relevant here, "was improperly terminated." TEX. CODE CRIM. PROC. ANN. art. 27.05 (West 2006). The Code also provides that issues of fact presented by a special plea "shall be tried by the trier of the facts on the trial on the merits." *Id.* art. 27.07. Thus, a special plea of double jeopardy "is a mechanism for avoidance of reconviction, not retrial." *Apolinar*, 820 S.W.2d at 794 (quoting *Robinson v. Wade*, 686 F.2d 298, 302 n.3 (5th Cir. 1982)). A defendant's special plea of double jeopardy is applicable to jeopardy claims that involve successive punishments; it is not applicable to jeopardy claims based on successive prosecution. *Valenti v. State*, No. 11-14-00256-CR, 2016 WL 5340221, at *2 (Tex. App.—Eastland Sept. 15, 2016, no pet.); *Kelson v. State*, 167 S.W.3d 587, 593 (Tex. App.—Beaumont 2005, no pet.). The opinion in *Kelson* is directly on point. There, the court held that, "because a defendant's special plea is cognizable only as to

former jeopardy claims of successive punishments, appellant's special plea complaining of successive prosecutions failed to present a legally cognizable issue for the trial court to submit to the jury." *Kelson*, 167 S.W.3d at 593 (citing *Apolinar*, 820 S.W.2d at 794; *Collins v. State*, 640 S.W.2d 288, 288–89, 291 (Tex. Crim. App. 1982); *Arredondo v. State*, 582 S.W.2d 456, 459 (Tex. Crim. App. 1979)). However, upon reviewing the opinions of the Court of Criminal Appeals on which *Kelson* relied, we discovered that *Collins* does not stand for the proposition for which it was cited in *Kelson* but, rather, would support the opposite conclusion. *See Collins*, 640 S.W.2d at 291 (holding that, because a rational factfinder could have inferred from the facts in that case that the prosecutors had intended to provoke the mistrial in order to obtain a more favorable jury at a second trial, the defendant was entitled to have the special plea submitted to the jury). We note that three years prior to *Collins*, the Court of Criminal Appeals had held that, where there was no evidence that the prosecutor was guilty of prosecutorial overreaching, the trial court "would have acted properly in overruling appellant's special plea" and "did not err in refusing to submit the issue to the jury." *Chvojka v. State*, 582 S.W.2d 828, 831 (Tex. Crim. App. 1979).

Nonetheless, in light of *Apolinar*, the rationale of the court in *Kelson*, and the language in Articles 27.05 and 27.07, we agree with *Kelson* and hold that Appellant's special plea complaining of successive prosecutions failed to present a legally cognizable issue for the trial court to submit to the jury. *See Apolinar*, 820 S.W.2d at 794; *Kelson*, 167 S.W.3d at 593. "Because the special plea procedure does not protect against retrial, use of the pretrial writ of habeas corpus is the only way to protect a defendant's fifth amendment right against twice being put to trial." *Apolinar*, 820 S.W.2d at 794.

Moreover, the record here, as in *Chvojka*, is devoid of evidence that the prosecutor was guilty of any conduct that could be considered prosecutorial

9

overreaching. *See Chvojka*, 582 S.W.2d at 831. For that reason also, the trial court did not err when it refused to submit Appellant's special plea to the jury. We overrule Appellant's second issue in his appeal from the judgments of conviction.

In his next three issues, Appellant complains that the trial court abused its discretion when it admitted certain exhibits into evidence and excluded certain evidence offered by Appellant. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). Under this standard, "an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Appellant argues that the trial court abused its discretion when it admitted State's Exhibit Nos. 3, 4, 5, and 6—a brown paper sack and three envelopes—because the exhibits failed to show the chain of custody from one examiner to the next and because the exhibits were not sufficiently tied to Appellant to become relevant. Exhibit No. 3, the brown paper sack, contained a vacuum cleaner bag that was submitted to the DPS crime lab by Ranger Shea. Exhibit No. 4 contained known samples from the victim and was submitted to the lab by Ranger Shea. Exhibit No. 5 contained nine hairs recovered from the vacuum cleaner bag. Exhibit No. 6 contained one hair that had also been recovered from the vacuum cleaner bag but had been placed on a slide to aid in a microscopic comparison of the hair.

The trace evidence analyst from the crime lab, Lindsey Bynum, testified that Exhibit Nos. 3 and 4 display the lab's unique case number, the item number, and her initials, as well as the date she received it. Exhibit Nos. 5 and 6 also displayed that information. Although Bynum recovered the hairs from the vacuum cleaner bag, she could not personally testify to the entire chain of custody of Exhibit Nos. 5 and 6. Despite Appellant's relevance and chain-of-custody objections, all four exhibits

were admitted into evidence. Shortly after the admission of these exhibits, the trial court admitted into evidence an exhibit showing "the internal chain of custody report for this case" from the lab's electronic tracking system. Additionally, the DNA analyst testified to her part in the chain of custody of Exhibit Nos. 4 and 6, as reflected by her initials on those exhibits. Ranger Shea subsequently testified that he had seized the vacuum cleaner bag during a search of Appellant's residence and had sent it to the DPS crime lab for analysis.

Evidence should be admitted if the trial court finds that a reasonable juror could find that the evidence was authenticated. *Pondexter v. State*, 942 S.W.2d 577, 586 (Tex. Crim. App. 1996); *see* TEX. R. EVID. 901 (authenticating or identifying evidence). Proof of the beginning and end of the chain of custody will support admission of an object barring any evidence of tampering or alteration. *Stoker v. State*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989). "Without evidence of tampering, most questions concerning care and custody of an item go to the weight attached, not the admissibility, of the evidence." *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997). We hold that the trial court did not abuse its discretion when it overruled Appellant's objections and admitted State's Exhibit Nos. 3, 4, 5, and 6 into evidence. Appellant's third issue in his appeal from the judgments of conviction is overruled.

Appellant next asserts that the trial court abused its discretion when it admitted State's Exhibit Nos. 28 and 30 into evidence over Appellant's hearsay objections. Ranger Shea identified Exhibit No. 28 as a certificate of business records affidavit from Verizon Wireless that related to the victim's phone. Attached to Exhibit No. 28 was a CD-R disk that contained a log showing when and to what number or from what number phone calls, text messages, and pictures were sent and received. The exhibit did not contain the content of any of those calls, messages, or pictures. Exhibit No. 30 was merely a printout of the information contained in the CD-R disk.

Appellant argues that the business records affidavit did not comply with Rules 803(6) and 902(10) of the Texas Rules of Evidence. The business records affidavit reflects that Sherilyn Losado, an employee of Verizon Wireless, was "designated" as its "Custodian of Records." Losado signed the "Certificate of Records" and had it notarized by a notary public in New Jersey, where Verizon's "Office of Integrity & Compliance" was located. In the Certificate of Records, Losado "certifies that the documents attached hereto are true and complete copies of the requested records as maintained by Verizon Wireless in the normal course of business."

Rule 803(6) is an exception to the hearsay rule that allows records of regularly conducted business activity to be admitted if it can be shown that the records were made at or near the time of the event by—or from information transmitted by—someone with knowledge and that it was common practice to keep such a record in the course of regularly conducted business. TEX. R. EVID. 803(6). These conditions can be shown by the testimony of the custodian or another qualified witness or by an affidavit or unsworn declaration that complies with Rule 902(10). TEX. R. EVID. 803(6)(D). Rule 902(10) allows for self-authentication of a business record by an affidavit and provides a non-exclusive form that may be used to satisfy that rule. *See* TEX. R. EVID. 902(10)(B).

The Certificate of Records substantially complied with the language of Rule 902(10)(B); therefore, it properly authenticated the business record at issue and satisfied Rule 803(6). *See McFarland v. Citibank (S. Dakota), N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.); *Spradlin v. State*, 100 S.W.3d 372, 382 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Reyes v. State*, 48 S.W.3d 917, 921–22 (Tex. App.—Fort Worth 2001, no pet.). We hold that the trial court did not abuse its discretion in admitting the victim's phone log into evidence. Accordingly, we overrule Appellant's fourth issue in his appeal from the judgments of conviction.

12

In his next issue, Appellant argues that the trial court abused its discretion when it prohibited Appellant from presenting evidence regarding (1) the reason that Appellant purchased condoms while with the victim, (2) a Facebook business record in which the victim allegedly admitted that she had falsely accused another man, and (3) a conversation between the district attorney's investigator and the justice of the peace.

Appellant sought to offer evidence that he purchased condoms while the victim was with him because she had just told him that she was sexually active and he was concerned about her welfare. The trial court ruled that such evidence would be inadmissible under Rule 412 of the Texas Rules of Evidence. Rule 412 generally prohibits the admission of evidence regarding the sexual history or promiscuity of a sexual assault victim. *See* TEX. R. EVID. 412(a). Rule 412(b) provides some exceptions to this general rule. At trial, however, none of the exceptions listed in Rule 412(b) were shown to be applicable. Furthermore, contrary to Appellant's assertion, the trial court's refusal to permit Appellant to cross-examine the victim about her past sexual conduct did not violate Appellant's Sixth Amendment right to confront the witnesses against him. The Confrontation Clause is not inconsistent with Texas evidence law, and compliance with a rule of evidence will, in most instances, avoid a constitutional question concerning the admissibility of such evidence. *Hammer v. State*, 296 S.W.3d 555, 566 (Tex. Crim. App. 2009). We believe that to be the case here and hold that the trial court did not abuse its discretion by excluding evidence related to the victim's past sexual conduct.

Appellant also sought to offer a Facebook business record purportedly showing some posts between the victim and her boyfriend. After Appellant's offer of proof regarding the Facebook business record, the trial court ruled that the exhibit was not admissible because nothing therein was connected to Appellant but, instead, related only to the victim, her boyfriend, and a man named Will Pettijohn. We have

reviewed the offer of proof and the record and find no indication in the exhibit that the victim made false allegations against another man. Thus, we cannot agree with Appellant that this case is controlled by *Billodeau v. State*, 277 S.W.3d 34, 43 (Tex. Crim. App. 2009), in which the court held that evidence of a child victim's threats to falsely accuse others was admissible to show the victim's possible motive for accusing the defendant. We hold that the trial court did not abuse its discretion when it ruled that the Facebook exhibit was not relevant. *See* TEX. R. EVID. 401.

Next, Appellant complains that the trial court erroneously excluded evidence related to the conduct of the district attorney's investigator, which, Appellant contends, showed the State's bias, misconduct, and vindictive intent. In addition to other evidence, Appellant sought to introduce evidence indicating that the investigator misinformed the justice of the peace about Appellant being a flight risk so that Appellant would be denied bond. The trial court inquired into the matter and ultimately deemed the proposed evidence to be irrelevant to the issues before the jury. *See id.* We agree with the trial court's conclusion.

We hold that the trial court did not abuse its discretion when it excluded the evidence about which Appellant complains in his fifth issue. Therefore, we overrule Appellant's fifth issue.

In his final issue, Appellant argues that the trial court erred when it denied Appellant's first and second motions for mistrial during Ranger Shea's testimony. We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (citing *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). An appellate court views the evidence in the light most favorable to the trial court's ruling and only considers those arguments before the court at the time of the ruling. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). The ruling must be upheld if it was within the zone of reasonable disagreement. *Id.*

"A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (quoting *Ladd*, 3 S.W.3d at 567). Instructions from the trial judge to the jury are generally considered to be sufficient to cure improprieties that occur during trial, and there is a general presumption that a jury will follow the judge's instructions. *Gamboa*, 296 S.W.3d at 580. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77; *see Jenkins v. State*, 493 S.W.3d 583, 612 (Tex. Crim. App. 2016).

During the State's direct examination of Ranger Shea, Appellant moved for mistrial twice in close succession. The record reflects the following:

Q. After you got done talking to [Appellant] what did you do?

A. Let's see. There were several things we did. I interviewed [the victim] again on the 5th of December to see if there was any other information. Then she stated that -- that he and she had sent nude photographs of each other back and forth.

[DEFENSE COUNSEL]: Objection to hearsay.

THE COURT: Sustained.

[DEFENSE COUNSEL]: I ask there be an instruction to disregard.

THE COURT: Disregard the last response, please.

[DEFENSE COUNSEL]: I ask for a mistrial.

THE COURT: Denied.

Q. (by [PROSECUTOR]) Don't mention anything that is hearsay. What else?

A. The information I gathered was that there had been pictures sent back and forth to each other and then we also tried to do a phone call to [Appellant].

[DEFENSE COUNSEL]: Object again to the hearsay. He just said the same thing.

15

The trial court again sustained Appellant's objection, instructed the jury to disregard Ranger Shea's response, and denied Appellant's request for a mistrial.

We cannot conclude that the prejudice in this case was incurable. Therefore, we presume that the jury followed the instructions to disregard, and we defer to the trial court's decision based on the facts before it. We note that other evidence was introduced later regarding numerous text messages, pictures, and phone calls that were exchanged between Appellant's phones and the victim's phone. The trial court did not abuse its discretion when it denied Appellant's motions for mistrial. We overrule Appellant's sixth issue.

In Cause No. 11-16-00337-CR, we affirm the order in which the trial court denied Appellant's request for habeas corpus relief. In Cause No. 11-16-00359-CR, we affirm the judgments of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

December 31, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.